## LIVERMORE v. THE CITY OF MAQUOKETA.

1. Dedication: TOWN PLAT: PUBLIC SQUARE. One Livermore being the owner of a tract of land, in connection with the owners of adjoining tracts, laid the same off as a town plat, designating thereon a block, not divided into lots, as "Livermore Square." The acknowledgment annexed to the plat was signed by each proprietor and acknowledged that "they have laid off the within lands into blocks and lots, and public squares, as platted above," and there was evidence tending to show that subsequent to the acceptance of the plat by the town authorities, said L. had treated the square in question as belonging to the public. *Held,* that the dedication of the square to public use was sufficiently established, and that L. was estopped from claiming it as his private property.

2. —— STATUTE OF LIMITATIONS. The bare continuance in possession of ground thus dedicated, by the dedicator, will not ripen into such a right or title as to enable him to successfully plead the statute of limitations. The possession must be accompanied by the usual ingredients of adverse possession.

*Appeal from Jackson District Court.*

SATURDAY, DECEMBER 9.

THIS is a suit in equity, brought by the plaintiff, in September, 1867, alleging that he was the owner of a certain square or block, in Maquoketa, known as Livermore square, and that the defendant was setting up some claim to it; and asking that his title be quieted and the defendant enjoined from claiming it or exercising any acts of

ownership over it. The defendant, by answer, denied the plaintiff's title and claims, and by cross-petition, averred that defendant was the owner, by virtue of a dedication to the public by the plaintiff, and asked that its title be quieted. On the trial, judgment was rendered for plaintiff. The defendant appeals.

*Frank Amos* for the appellant.

*W. E. Leffingwell* and *J. S. Darling* for the appellee.

COLE, J. — The leading facts of this case are these : On the 1st day of October, 1850, the plaintiff, Zalmon Livermore, John E. Goodenow and Alonzo Spaulding, being the owners in severalty of three contiguous tracts of land, joined together and laid the same off into blocks and lots, streets and alleys, and had the same platted, acknowledged and recorded, as a plat of the town of Maquoketa. In the survey and platting of the town, all the lands were laid off into blocks or lots and numbered in regular order, except that on the tract owned by Goodenow, a certain portion was known as Academy grounds ; on the tract owned by Spaulding, one block or square, instead of being numbered was designated as " Spaulding square ;" and on the tract owned by the plaintiff, Livermore, the block between those numbered 2 and 4, and which were laid off into lots, there was a block not laid into lots and designated as " Livermore square." There were no other squares, than those thus designated, laid out or named on the entire plat of the town.

The acknowledgment annexed to the recorded plat was signed by each of the three proprietors, " and acknowledged that they have laid off the within lands into blocks and lots and *public squares*, as platted above, and numbered for the purpose of selling town lots, said town to be called Maquoketa." The authorities of the town took such action and exercised such ownership over the streets,

alleys, etc., as amounted to an acceptance of the property dedicated to the public by the plat, the acknowledgment and record of it. This was done both before and after the incorporation of the town by the act of the 9th of March, 1853, and its subsequent incorporation as a city by the act of April 26, 1857.

The plaintiff testifies, as a witness, that he did not dedicate the "Livermore square" to the public, but had it so marked to designate it as his property. The person who made the survey and plat of the town and took the acknowledgment of the proprietors, also testifies that he understood that the square was so marked to designate it as Livermore's property; and that while it was called a public square in the acknowledgment, it was not intended to be a public square.

On the part of defendant, it was shown that a map of the town was afterward published and was generally used and accepted as correct, and on it appeared the square designated as "Livermore square;" that said square was not taxed or any taxes paid thereon from the time it was platted, until about the time this suit was brought; that for three years of said time the plaintiff was assessor for said town or city and did not list or assess the said square as his property, while he did list, assess and pay taxes on blocks adjoining, for three years; that plaintiff also paid taxes on the other blocks during all the time; that the plaintiff, in proposing to sell lots, had stated on two or more occasions that the square now in controversy was laid off for a public square, and that he so stated also to one or more persons, about the time the survey was made.

Upon this testimony, and giving much weight to the language of the acknowledgment, "public squares" which could have no application or force except it referred to the square in controversy, we find and so adjudge that there

was a dedication by the plaintiff to the public of the square in controversy.

The question of the statute of limitations is also made by the plaintiff; but there is no such showing of continued, actual possession with a claim of adverse title as will defeat the right of the city to the public square dedicated to it, as we have above found, by the plaintiff himself. There having been a dedication by the plaintiff, it would stand as a conveyance; and the rule is well settled, that the bare continuance in possession by the grantor of land conveyed by him will not ripen into a right, or enable him to rely upon the statute of limitations. In such case, in order to enable the grantor to rely upon the statute, there must be an open and notorious assertion of right or title in himself and adverse to his grantee. *Burhans* v. *Van Zandt*, 7 Barb. 91; *Currier* v. *Earl*, 1 Shep. 216; *Johnstone* v. *Farlow*, 13 Iredell's Law (N. C.), 84. See, also, *Zeller's Lessee* v. *Eckert*, 4 How. (U. S.) 289; 16 Curtis, 118; *Humbert* v. *The Rector, etc.*, 24 Wend. 587.

Reversed.