JULIA M. GREGORY AND OTHERS, PLAINTIFFS IN ERROR,
   v. THE CITY OF LINCOLN, DEFENDANT IN ERROR.

1.  **Dedication of Streets in City.**   One L., the owner of a tract
    of land adjoining the city of Lincoln, in 1869 and 1870 laid out
    the same into additions to said city and filed plats upon which
    " K " street was marked as if laid out, and lots were sold front-
    ing thereon, but the description merely extended to the outer
    line of the street.   There was also proof of dedication.   In 1876
    the strip of land composing the street was sold on execution as
    the property of L.   *Held*, That the purchaser acquired no title.

2.  **Ejectment :**  TWO TRIALS.   A party is entitled as a matter of
    right to two trials in an action of ejectment.

3.  **Trial by Jury :**  WAIVER.   In an action at law the parties are
    entitled to a trial by jury ; but this is a privilege that may be
    waived, and if done in open court such waiver may be made
    orally.

ERROR to the district court for Lancaster county.   Tried
below before POUND, J.

*John S. Gregory*, for plaintiffs in error.

1.   The laying out of an "addition" to a city of the sec-
ond class does not vest in the city any control of streets
therein, unless they have been accepted by special ordin-
ance for that purpose.   Comp. Stat., 121, sec. 77 ; p. 124,
sec. 95.

2.   Conveyance to a municipal corporation of land be-
yond its boundaries for the purpose of a street, is void.
Dillon on Mun. Corp., 533, sec. 435.

3.   Non-user by the public, of a street or highway, for
the period of five years will operate as an abandonment and
reversion.   Comp. Stat., p. 439, sec. 3.   *Evens v. City of
Cincinnati*, 2 Handy, 236.   *Pres. Church v. Cincinnati*,
8 Ohio, 298.   Angel on Highway, 407.

4.   An action for recovery of real property can only be
brought within ten years from the time the cause of action

accrued. Comp. Stat., p. 531. *Gregory v. Langdon,* 11 Neb., 168.

5. If a highway be clearly excluded by a description of the property conveyed by metes and distances which bring it only to the edge of the highway, the fee of the soil of such highway remains in the former owner. *Jackson v. Hathaway,* 15 John., 447. *Cale v. Haynes,* 22 Vt., 588. *Sutherland v. Jackson,* 32 Maine, 83.

6. Where a grant is only for *the use* of the public; it is easement, and not fee title. Dillon on Mun. Corp., 600, sec. 496.

*A. C. Ricketts,* for defendant in error.

1. The platting of Lavender's first addition was in strict compliance with the statute then in force and vested in the city of Lincoln the title in fee to the street. Revised Statutes, p. 387, secs. 42–3. 2 Dillon on Mun. Corp., 3rd ed., sec. 628, and authorities cited. 33 N. J. L., 13.

2. If defect in the dedication existed, which is not pointed out, so as to invalidate the same as a statutory dedication, yet the sale of property bounded by the street, the value of which depends on the existence of the street, and the constant use by the public of other portions of the same street obtained by the same dedication, with such use of the street in question as the public demand required, and a continued recognition by the dedicator of the right of the public in the land in question, would create a common law dedication and constitute an *estoppel in pais,* as to plaintiffs. 2 Dillon Mun. Corp., 3d ed., secs. 628 and 638. 21 Mich., 319.

3. No formal acceptance of the dedication was required by the law in force under which it was made and the use and occupation thereof by the city, so far as its needs required, was sufficient evidence of its acceptance.

4. The statute relating to vacation by reason of non-user

25

is applicable to public roads only, and not to streets; besides the evidence shows a continuous use of the property. Comp. Stat., 439, sec. 3.

5. To constitute a possession adverse, so as to set in motion the statute, it must be actual, continued, notorious, and exclusive under a claim of right as against all persons for the full extent of the statutory period.

6. The pretended possession in dispute was not inconsistent with the right of the city until about a year prior to the bringing of this action, when plaintiffs enclosed the land, prior to which time a roadway was left and the right of the public to pass over the same was recognized. The statute will not run as against the city. *Horbach v. Miller*, 4 Neb., 31. 2 Dillon Mun. Corp., 667 to 675. 1 Whart. (Pa.), 469. 58 Pa. St., 253. 12 Ill., 60..

MAXWELL, J.

This is an action of ejectment brought by the city of Lincoln against Julia M. Gregory, E. Mary Gregory, and John S. Gregory, to recover possession of a strip of land "commencing at the northwest corner of block two, in Lavender's first addition to the city of Lincoln, thence running east on the north line of said ——— and across Nineteenth street in said city four hundred feet, thence north one hundred feet, thence west four hundred feet, thence south one hundred feet to the place of beginning;" being that part of K street between the east line of Eighteenth street and the east line of Nineteenth street in said city. The defendants admit the possession, but they deny the other facts stated in the petition. As a second defense they plead that in the year 1876 they purchased said land at sheriff's sale in an action wherein one Hulda Sayles was plaintiff and Luke Lavender defendant, and that said sale was confirmed and a deed made to them. They also plead adverse possession for more than ten years. The case was

referred to a referee who found for the defendant in error and the report was confirmed and judgment entered thereon.

It appears from the evidence that about the years 1869 and 1870, Luke Lavender being the owner of a considera-able tract of land adjoining the city of Lincoln, had the same platted and the plats duly acknowledged and filed as "Lavender's first and second addition" to said city. It also appears that Lavender then owned the strip of land in dispute and platted the land so as to include that portion of the street in dispute, but in describing the boundaries of the tract platted, bounded the tracts on the side of the street, so that the tract in question, although marked on the plat as a street, and lots sold in reference thereto, yet was not included in the description. Whether this was done by oversight or design it is not necessary to enquire.

Sec. 42 of chapter 53 of the Revised Statutes of 1866, which was then in force, provided that: "Such plat and acknowledgment being so recorded, shall be equivalent to a deed in fee-simple from the proprietor, of all streets, alleys, avenues, squares, parks and commons, and such portion of the land as is therein set apart for public, county, village, town or city use, or is dedicated to charitable, religious, or educational purposes."

Sec. 49 provides that: "Every town plat when presented for record shall have appended to it a regular survey thereof made by some competent surveyor, beginning at some permanent, visible, natural or artificial monument, with at least one bearing post, stone, tree or object, and the surveyor shall certify that he has accurately surveyed such town, and that the streets, alleys, lanes, avenues, squares, parks, commons, and such places or lots set apart for public, village, town, city or county use, or dedicated to charitable, religious, or educational purposes, are well and accurately staked off and marked. And if any proprietor or proprietors of such town or addition shall sell

or offer to sell any lots or subdivisions of such town or parts thereof, without complying with the requirements of this chapter, he or they shall forfeit one hundred dollars for each lot, subdivision, or part thereof, so sold or offered for sale, to be recovered by any person who will sue for the same."

The act of filing the plat in connection with Lavender selling lots upon this street certainly was a dedication to the public of the street. No one but the owner of the fee can dedicate land to the use of the public; but where he has done an act with the intention of influencing the conduct of another as the filing of a plat of a street and selling lots fronting thereon, and such other person has thereby been induced to purchase such lots or some of them, the original owner will be estopped to deny the dedication.

In *Livermore v. The City of Maquoketa*, 35 Iowa, 358, one L. being the owner of a tract of land laid the same off as a town plat, designating a block not divided as "Livermore Square." There was evidence tending to show that after the filing of the plat, L had treated the square as belonging to the public. It was held that the dedication was sufficiently established.

And in *Giles v. Ortman*, 11 Kan., 59, where it appeared that the owners of land in preparing the plat of a town for acknowledgment and record intended to lay out a strip of ground as an alley and thus dedicate the same to the use of the public, and took certain steps to carry the intention into effect, it was held that but slight evidence would sustain a finding that such dedication was in fact made.

So in this case, the street was marked on the plat as though it was open, and lots were sold upon such street which probably could not have been done but for the fact that it was regarded as a public thoroughfare. We think the proof fully sustains the finding of a dedication.

The plea of the statute of limitations is not sustained,

because the possession of Lavender from the time of the dedication until the sale of his interest in 1876 was not adverse. *Livermore v. The City of Maquoketa*, 35 Iowa, 358. *Burhans v. VanZandt*, 7 Barb., 91. *Currier v. Earl*, 1 Shep., 216. *Johnson v. Farlow*, 13 Ired. Law, 84. And the plaintiffs were not in possession ten years.

The plaintiffs claim that they are entitled to two trials. This is conceded, and this is the second trial. A jury was waived by the plaintiff on the first trial, orally in open court, and the cause submitted to the court. It is claimed that this was error, that the waiver should have been in writing. A party has a right to a trial by jury in an action at law, and may insist upon his rights. But trial by jury is a privilege which may be waived, and such waiver, if made in open court, may be oral. The court has jurisdiction, and if a jury is waived, and the case tried to the court, it is its duty to hear the evidence and render judgment. The plaintiffs by purchasing the interest of Lavender at sheriff's sale, took merely the title possessed by him at that time, and as in our opinion he had previously dedicated the land for a street, they acquired nothing by the purchase. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.