WILLIAM M. BUSHMAN, APPELLEE, V. THOMAS GIBSON
ET AL., APPELLANTS.

Conveyance: STREETS AND ALLEYS. Where certain lands in an
addition to a city, but not platted, were conveyed by metes and
bounds, one of the calls in the deed being a certain number of
feet to an alley, thence along said alley, etc., there being in fact
no alley at the place indicated, as was well known to the pur-
chaser, but a strip twenty feet in width was reserved for that
purpose when the city in fact was extended to that point, *Held,*
That the alley was not a public one, and the purchaser could not
enjoin the owner of the fee from erecting bars across the same.

APPEAL from the district court for Douglas county.
Tried below before WAKELEY, J.

*Bartlett & Cornish,* for appellants.

*Andrew Bevins (George B. Lake* with him in motion for
rehearing), for appellee.

MAXWELL, J.

This is an action to restrain the defendants from obstruct-
ing an alley adjoining the plaintiff's real estate in the city
of Omaha.   On the trial of the cause in the court below, a
perpetual injunction was granted against the defendants as
prayed in the petition.   The defendants appeal.

It appears from the record that in the year 1878 the de-
fendant, Thomas Gibson, was the owner of certain real
estate a short distance west of the city of Omaha proper,
although included in an addition to the city.   This land
was not platted, but an extension of Harney street of
said city west would pass along the south side of the
same.   The land for an extension of this street the de-
fendant had conveyed to the public for that purpose.   In
October of that year, the defendant sold and conveyed to
the plaintiff a portion of said real estate described as fol-
lows: "A certain parcel of land, commencing at a point

(588) five hundred and eighty-eight feet west of the east line of lot No. (6) six in Capitol addition to the city of Omaha, and two hundred and eighty-four feet south of the south line of Farnam street, running west along the north line of Harney street as proposed to be extended two hundred and fifty feet, thence north one hundred and thirty-two feet to an alley (20 feet), thence east along said alley two hundred and fifty feet, thence south one hundred and thirty-two feet to the place of beginning, and all being in lot No. six in Capitol addition to the city of Omaha as located on the records." The question for determination is, whether or not the obstruction complained of was across a public alley. Neither a conveyance to the public nor a dedication of the ground claimed as an alley is shown, so that if one exists it must be because the defendants are estopped from denying the description in the deed to the plaintiff.

In *Gregory v. Lincoln*, 13 Neb., 352, the owner of certain real estate laid the same off into an addition to the city of Lincoln, and filed a plat on which "K" street was marked as if laid out, and lots were sold fronting thereon. It was held that the filing of the plat and the sale of lots fronting on "K" street estopped the owner and his assignee from denying the existence of the street. And we adhere to that decision; but it has no application to the case under consideration. Here the land was sold by metes and bounds, it being well known to all parties that there was no public alley adjoining the plaintiff's land, although a space twenty feet in width was left to be used for that purpose when the city limits extended in fact to the land in question, and it was needed for that purpose. The cases cited by the plaintiff refer to public ways, and are not applicable to the one under consideration. The testimony clearly shows that it was not the intention of the parties at the time the deed was made to pass any interest to the plaintiff beyond the metes and bounds described in the deed.

The alley not being a public one, and as the proof fails to show that the plaintiff acquired an easement therein, he cannot enjoin the defendant from erecting bars across the same. The judgment must therefore be reversed, and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.

MAXWELL, J.

A rehearing is asked by the plaintiff in order that the court may render an opinion as to whether the defendants have the right wholly to exclude the plaintiff from the use of the alley in controversy or not. We do not think that question is raised by the pleadings, and it cannot properly be answered in this action. The plaintiff purchased his land by metes and bounds, well knowing that there was no alley on the north of said tract, although the defendant stated that a strip would be reserved for that purpose when required by the city. The case would be entirely different if the defendant had represented that he had laid out the strip of land in controversy as an alley, or had received a consideration for the same. He testifies that he told the plaintiff before the sale was made that he would sell him the land *to* the proposed alley for a certain sum, or he would sell to the middle of the same for a proportionate increase of the price; and that Mr. Bushman only purchased and paid for the land to the alley. The plaintiff fails to deny this, and it would seem to be conclusive. He refused to purchase to the middle of the proposed alley, and certainly has no cause of complaint if the court refuses to declare that he has an interest therein. The motion for a rehearing must be denied.

MOTION DENIED.