[S. F. No. 2189. Department Two.—July 23, 1902.]

CITY OF EUREKA, Respondent, v. ANN E. GATES, Appellant; and PHŒBE A. SHARP, NETTIE S. DREW, and MARGARET J. BALCOM, Defendants to Appellant's Cross-Complaint, Respondents.

DEDICATION OF STREET AND ALLEY—DESCRIPTION IN DEEDS—OFFER TO DEDICATE—ACCEPTANCE BY CITY.—The description of a street and alley in deeds by the owner of land to grantees bounded thereon is an offer to dedicate the street and alley to public use, and where the city accepted such offer within a reasonable time, and prior to revocation thereof, the dedication became complete.

ID.—MAP OMITTING DESIGNATION—ABANDONMENT.—The mere adoption by the city of a map omitting the designation of the accepted street and alley cannot operate as an abandonment thereof.

ID.—RETENTION OF PART OF STREET BY OWNER.—The facts that the owner claimed the street and alley, and was using it, and that her house occupied part of the street, were not sufficient notice to purchasers that her deed bounded by the street and alley was not intended as an offer to dedicate the same.

ID.—ACTION BY CITY—CROSS-COMPLAINT TO REFORM DEED—MUTUAL MISTAKE NOT SHOWN.—Where the city brought an action to recover from the owner of the land the street and alley alleged to have been dedicated, and she sought by cross-complaint to reform the deeds for alleged mutual mistake in the description thereof, in order to avoid the dedication, such cross-complaint cannot be sus-

tained, in the absence of clear and satisfactory proof of a mutual mistake, common to both parties, and of any evidence to show that any one of the grantees had knowledge of the alleged mistake.

ID.—POSSESSION AS NOTICE OF MISTAKE.—Where the purchasers did not understand that the possession of part of the street by the owner was notice to them that she did not intend to dedicate the street by which their deeds were bounded, such possession cannot operate as notice of a mistake in their deeds.

ID.—STATUTE OF LIMITATIONS—BAR OF CROSS-COMPLAINT.—The cross-complaint to reform the deeds on the alleged ground of mistake in the description of the lands as bounded by the street and alley, which was discovered seven years before the filing of the cross-complaint, and existed, if at all, more than fourteen years prior thereto, is barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of Humboldt County. G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

Henry L. Ford, L. M. Burnell, and E. M. Frost, for Appellant.

E. P. Campbell, for City of Eureka, Respondent.

A. J. Monroe, for Defendants to Cross-Complaint, Respondents.

THE COURT.—The action is to recover possession of a certain part of Tenth Street, between I and J streets, in the city of Eureka, and a certain part of an alley leading to said part of Tenth Street. Defendant Mrs. Gates answered by specific denials of the allegations of the complaint, pleaded adverse possession, and also the statute of limitations. By way of cross-complaint she seeks to correct a description given in a certain deed to one Close, April 7, 1881, by which she described the land conveyed as bounded by Tenth Street and the alley referred to in the complaint, and also to correct a certain other deed to Le Roy Gates, December 3, 1885, by which the land conveyed was bounded by Tenth Street. The ground on which the prayer of the cross-complaint is based is the mutual mistake of grantor and grantee in each instance in thus describing the land conveyed. This correction of

these deeds is sought in the action, we presume, for the purpose of destroying their evidence of dedication. The following diagram will make the issue more easily understood:—

Note
------------ LANDS IN CONTROVERSY
--·---·--·--. DIVISION FENCES
_____ DENOTES LINES LENTEL MAP

Defendant Phœbe A. Sharp, answering the cross-complaint, alleges that said Le Roy Gates conveyed to her, September 22, 1886, the land in the second deed above referred to, and by the same description as given in Ann Gates's deed to Le Roy; and denies specifically the allegations of the cross-complaint. Defendant Nettie Drew answers the cross-complaint, and alleges that said Close conveyed to her, on October 2, 1894, a frontage on I Street and on the said alley of sixty feet, part of the premises conveyed by Ann Gates to Close; she alleges that to reform Ann Gates's deed to Close, as prayed

for by Mrs. Gates, would be an irreparable injury to her property. Defendant Margaret Balcom answers the cross-complaint, alleging that she became the owner September 22, 1894, by mesne conveyances of the remaining land conveyed by Ann Gates to Close, and denies the allegations of the cross-complaint, and avers irreparable injury should the Ann Gates deed be reformed.

The plat shows the lands conveyed by Mrs. Gates that subsequently came into the ownership of defendants Sharp, Drew, and Balcom. Mrs. Gates owns land fronting on J Street, and claims the east one hundred and twenty feet of Tenth Street between I and J, and also the alley forming the east boundary of the Drew and Balcom land. The city claims that the pieces of land in dispute were by Mrs. Gates dedicated to and accepted by the city; the present owners of the land sold by Mrs. Gates as bounded by Tenth Street and the alley also claim such dedication. The principal facts were stipulated by the parties, and where not agreed upon the facts were found by the court in favor of the plaintiff, and judgment passed accordingly. Defendant Mrs. Gates appeals from the judgment on bill of exceptions.

Appellant's brief deals with the single question of dedication, and we shall consider no other.

In the deed to Close (January 7, 1881) Mrs. Gates described the property as follows: "Commencing at the northeast corner of Tenth and I streets in the said city of Eureka, and running thence northerly along the easterly line of I Street 123 feet, thence in an easterly direction 110 feet more or less to an alley, thence in a southerly direction parallel with I Street along the westerly line of said alley 106 feet to the northerly line of Tenth Street, thence at right angles westerly along the northerly line of Tenth Street 110 feet to the place of beginning."

Close had previously purchased from Mrs. Gates the inside lot, now the Balcom land, bounded on the east by the alley. The property in the deed from Mrs. Gates to Le Roy (December 3, 1885) was described as follows: "Commencing at the southeast corner of Tenth and I streets and running from thence south along the east line of I Street 26 feet more or less to my south boundary on said street, thence at right angles east 120 feet, thence at right angles north 26 feet,

more or less, to the line of Tenth Street, thence westerly on the
south line of Tenth Street, to the place of beginning.''

The city of Eureka, by ordinance, April 7, 1885, declared:
''All streets and alleys within the corporate limits, . . . which
have been dedicated by the owners thereof for the use of the
public, are hereby accepted and declared to be public streets
of the city of Eureka.'' A similar ordinance was passed in
1892.

A question not unlike the one now here arose in *City of
Eureka* v. *Armstrong,* 83 Cal. 623. It was there held that
such a description as the one before us was at least an offer
to dedicate, and that ''the offer to dedicate must be held to
apply to the whole block, and not merely the 120 feet thereof,
for it will not be presumed that the intention was to make a
*cul de sac.''* It was also held that the ordinance of April 7,
1885, was sufficient acceptance, and we think was manifested
within a reasonable time; it was passed, as was the ordinance
of 1892, before any revocation by Mrs. Gates. Mrs. Gates
testified that she did not intend to dedicate the street and
alley, but her unaided testimony now as to what she intended
by her deed cannot be taken as against the deed itself. She
realized this, no doubt, when she set up in her cross-complaint
certain grounds for reforming her early deeds, in order to
close the mouth of this witness against her. Aside from the
question of her right to reform as affecting the rights of sub-
sequent purchasers, without notice of the alleged mistake, we
think it is clear that she failed to establish a case for reforma-
tion of her deeds to Close and Le Roy Gates. She alleges that
the mistake was mutual,—i. e. was the mistake of grantor
and grantee,—not ''the mistake of one party which the other
at the time knew or suspected.'' (Civ. Code, sec. 3399.)
There is no evidence that any one of the grantees of appellant,
or any one of their grantees, had knowledge of such alleged
mistake, while there is much evidence that the present owners
of the land conveyed by Mrs. Gates, as bounded in part by
Tenth Street and by the alley, supposed that Tenth Street
and the alley belonged to the city as streets. The Gates house,
as shown on the plat, extended some feet into the street, and
it appeared that she inclosed the lands in question, and
claimed to be the owner, after she had made her deeds to
Close and Le Roy Gates. It is in evidence also that in 1887

the city caused a map to be adopted which did not show this extension of Tenth Street from I to J streets; nor did it show the alley in question. So far as this latter fact is concerned, we do not think it at all conclusive of the city's rights under the dedication and acceptance that occurred long before, and under which rights of property-owners had grown up. The city could not abandon a street simply by adopting a map which omitted to designate such street. (*City of Eureka* v. *Armstrong,* 83 Cal. 623.)

Appellant contends that Mrs. Gates's claim of ownership of the street, and the fact that she was using it, and the fact that her house occupied a part of it, were sufficient notice to purchasers that her deed to Close and Gates was not intended as a dedication or offer to dedicate. The purchasers certainly did not understand her possession in this way, as appears from the evidence, and we do not think it can be reasonably claimed that her possession was notice of the mistake she now claims to have made in the deed. We do not think appellant succeeded in showing by clear and satisfactory evidence that there was a mutual mistake, common to both parties to the instruments, and that it has been shown that both parties did what neither intended. Anything short of showing such a condition of facts would be insufficient ground for reforming a deed. (*Ward* v. *Yorba,* 123 Cal. 447.)

It appeared that Mrs. Gates discovered her alleged mistake in 1888. Subdivision 4 of section 338 of the Code of Civil Procedure requires an action to obtain relief on the ground of mistake to be brought within three years after discovery of the facts constituting the mistake. The statute of limitations was pleaded to the cross-complaint, which latter was filed in April, 1895. This was seven years after Mrs. Gates discovered her mistake, according to her own testimony, and was fourteen years after her deed to Close. The statute would bar the relief sought in the cross-complaint.

We think the evidence supported the findings of fact, and it is not disputed that they support the judgment.

The judgment is affirmed.