EDWARD GARST, Appellant, v. A. BRUTSCHE, ALMIRA
   BRUTSCHE, A. J. BRUTSCHE and ELYORA BRUTSCHE,
   Appellees.

Reformation of instruments: LIMITATION OF ACTION. An action to
1  reform a deed on the ground of mistake which is not brought
   within sixteen years after discovery of the mistake is barred,
   in the absence of a showing of facts sufficient to toll the stat-
   ute.

Adverse possession. Where a grantor's subsequent possession of
2  land, embraced by mistake in his recorded deed, was not con-
   tinuous and exclusive, the fact that he enclosed it with ad-
   joining land and paid taxes thereon was insufficient to estab-
   lish title by adverse possession as against his grantee or a
   subsequent purchaser.

Same. A grantor remaining in possession after execution and
3  delivery of his deed will be regarding as holding the premises
   subject to the rights of his grantee, unless by actual notice or
   such acts in hostility to his deed he conveys to his grantee a
   knowledge that he claims adversely to him.

Pleadings. In an action to reform a deed on the ground of a
4  mistake in including a certain tract in the description, an alle-
   gation that the purchaser from the grantee took his deed with
   full knowledge of plaintiff's possession and claim of owner-
   ship, which defendants denied and claimed ownership in fee
   simple and denied that plaintiff held the land adversely, raised
   an issue as to the rights of such purchaser as distinct from
   those acquired from his grantor.

Adverse possession: INTERRUPTION. Where a claim of adverse
5  possession by a grantor had not ripened into a title, as against
   his grantee, when a sale was made by the grantee to one who
   never recognized plaintiff's possession and who had no notice
   that he had repudiated his deed, the sale constituted an in-
   terruption of plaintiff's adverse possession.

*Appeal from Carroll District Court.*— HON. Z. A. CHURCH,
                         Judge.

                SATURDAY, DECEMBER 16, 1905.*

* See note bottom page 485.

SUIT in equity to correct an alleged mistake in a deed from plaintiff to A. Brutsche, and to quiet plaintiff's title to the property covered thereby. Defendants denied the alleged mistake, pleaded adverse possession, the statute of limitations, and laches. The case was tried to the court resulting in a decree dismissing plaintiff's petition, and quieting title in defendant A. J. Brutsche. Plaintiff appeals. — *Affirmed.*

*Weeks & Hughes* and *Lee & Robb,* for appellant.

*Salinger & Korte,* for appellees.

DEEMER, J.— Plaintiff and defendant A. Brutsche were at one time the owners in common and in joint possession of about 240 acres of land adjoining the town of Coon Rapids. Some time in August of the year 1887 they agreed upon a voluntary partition of the land, and in performance of that agreement they on August 23d undertook to execute deeds the one to the other for the parcels each was to receive. A plat of the land was made, and upon this distinctive marks were placed indicating the tracts each was to receive.

The land in dispute is an irregular tract, containing 4.69 acres, and is chiefly valuable for the gravel which is found upon it. It is undisputed that this land was included in the deed made by plaintiff and his wife to Brutsche, but plaintiff claims that the description thereof found in his deed was inserted through mistake and oversight. He also contends that he has been in possession of the land under claim of right for more than 10 years, and he asks that the deed be reformed so as to express the true agreement of the parties thereto, and that he have a decree quieting his title to the land. A. J. Brutsche was made a party to the suit, and the allegations of the petition with reference to him are that he makes some claim to part of the real estate " but that

whatever interest or claim he may have was acquired with full knowledge of plaintiff's possession of his claim of ownership and of his right and title thereto." Plaintiff also alleged that he did not discover the mistake in the deed until a short time before this action was commenced, when he demanded a correction thereof, which demand was refused by defendants. In addition to the matters already referred to in defendants' answer they admitted that they made a claim adverse to plaintiff, and further pleaded that they were the owners of the land, and asked that title be quieted in them. We have thus referred to the issues in order that a point made by plaintiff with reference thereto may be better understood.

From a careful examination of the record we reach the conclusion that there was a mistake made in the deed from plaintiff to defendant, and that according to the agreement for partition plaintiff was to have had the land in dispute. Many things point to this conclusion, which need not be set out. Suffice it to say that if the case rested upon this alone we should have no hesitancy in finding for plaintiff. But it also appears without contradiction that plaintiff discovered the mistake in the deed within six months after he had made it, and that he did not commence his action to correct until March 13, 1903, nearly sixteen years after the mistake was made and discovered. During a considerable part of this time, if not all of it, his relations with defendants were not friendly, and no reason appears why his action was not speedily prosecuted. Under sections 3447 and 3448 of the Code the action for reformation is clearly barred. See, also, *Relf v, Eberly,* 23 Iowa, 467; *Dist. Twp. v. Dist.,* 62 Iowa, 30; *Wright v. Le Claire,* 3 Iowa, 221; Wood on Limitations (2d Ed.) p. 140, and cases cited. Plaintiff's cause of action arose immediately upon the discovery of the mistake, and no facts are pleaded which would toll the statute either at law or in equity.

1. REFORMATION OF INSTRUMENTS: limitation of actions.

But it is said that plaintiff has ever since the making of the deed been in possession of the land under claim of right and title thereto, and in virtue of an oral promise on the part of A. Brutsche to correct the mistake. While there is evidence of plaintiff's possession since the deed was executed, yet such possession was not exclusive. Defendants have also been in possession of a part of the land for a part at least of the time, and since June 14, 1898, when A. J. Brutsche claims to have purchased the property from his father, A. Brutsche, he (A. J.) has not only been in possession for a part of the time, but he has asserted ownership thereof. True, plaintiff has paid taxes on the land, and has fenced one side and perhaps the ends thereof, so as to inclose it with an adjoining and larger field; but in the face of his deed to A. Brutsche, which was duly recorded, such possession alone would not ripen into adverse possession. *Livermore v. Maquoketa,* 35 Iowa, 358; *Luckhart v. Luckhart,* 120 Iowa, 248. This is especially true where the grantor is relying upon his possession, as notice to a purchaser from his grantee, of his rights in the property. *Koon v. Tramel,* 71 Iowa, 132; *Sprague v. White,* 73 Iowa, 670; *Dodge v. Davis,* 85 Iowa, 77; *McClenahan v. Stevenson,* 118 Iowa, 106.

2. ADVERSE POSSESSION.

The unbroken voice of authority is to the effect that, if a grantor remain in possession after the execution and delivery of a deed to the land, he will be regarded as holding the premises in subserviency to his grantee, and nothing short of an explicit disclaimer of such relation and a notorious assertion of right in himself will be sufficient to change the character of his possession, and render it adverse to the grantee. 1 Cyc. pp. 1039, 1040, and cases cited; *McNeil v. Jordan,* 28 Kan. 7. Of course, a grantor, remaining in possession after sale, may make his possession adverse. But, genreally speaking, he must disclaim holding for the grantee, and openly assert his own title in hostility to the title claimed under his previous deed. Express notice

3. SAME.

does not seem to be necessary, but there must be such acts of repudiation of the relationship as to bring home to the grantee knowledge of the fact that a disclaimer is made. Mere possession as we have said will not answer in any case. Retaining the land granted within an inclosure of other land will not suffice. *Ivey v. Beddingfield,* 107 Ala. 616 (18 South. Rep. 139); *Evans v. Templeton,* 69 Tex. 375 (6 S. W. Rep. 843, 5 Am. St. Rep. 71); *Hennessey v. Andrews,* 6 Cush. (Mass.) 170; *Paldi v. Paldi,* 84 Mich. 346 (47 N. W. Rep. 510). Moreover, during the time plaintiff claims he was in possession he offered to buy the land from the defendant.

A. J. Brutsche purchased the land in the year 1898, and plaintiff charged in his petition that, whatever his (Brutsche's) interest, he acquired it with full knowledge of plaintiff's possession and of his (plaintiff's) claim of ownership, etc. Defendants admitted in answer that they claimed the land, and further averred that they were the owners thereof in fee simple. They also denied that plaintiff had held the land adversely. It is said in argument that these pleadings do not raise an issue as to any rights A. J. Brutsche may have in the land distinct from those possessed by his codefendant, A. Brutsche. The case was tried on the theory that such an issue was raised, although some objections were interposed to the testimony taken with reference thereto, which did not, however, raise the question now presented. A. J. Brutsche was allowed to testify that he had no knowledge, when he purchased, of plaintiff's present claims and an objection to his testimony was not based upon the proposition now presented. While the pleadings are somewhat clumsily drawn we find plaintiff charging that defendant A. J. Brutsche had knowledge of the plaintiff's claims when he acquired his interest, a general denial on the part of both defendants, and a plea of ownership in themselves. This as it seems to us fairly presented the issue. The

4. PLEADINGS.

question here, it will be noticed, is one of pleading, and not as to the burden of proof. The latter is altogether a different proposition.

Some matters not urged or argued by counsel would appear to be a sufficient answer to the contention of A. J. Brutsche that he was an innocent purchaser for value, but as we do not place the decision on that ground

5. ADVERSE
POSSESSION:
interruption.

alone, they need not be considered. It does appear, however, that, after A. J. Brutsche purchased, he was in possession of the property in dispute or a part of it, hauled gravel therefrom, camped, and stored grading appliances and tools thereon and there is no evidence that he had any notice or knowledge of plaintiff's claim — indeed, the testimony is distinctly to the contrary. As to him, there was manifestly no such possession as would be adverse. Even conceding that as to A. Brutsche, plaintiff's possession was adverse, such possession had not ripened into a perfect title when A. J. Brutsche purchased, and as he (A. J.) never recognized plaintiff's possession, and had no notice of any repudiation of plaintiff's deed his (plaintiff's) possession was interrupted and has never been such as to furnish him with a title, reformation being denied, which should be quieted as against either defendant.

Plaintiff and defendant A. Brutsche have not, as we understand it, spoken to each other for something like sixteen years, and there was nothing in defendant's conduct, or in that of any other person with which he is chargeable, to justify plaintiff in sleeping on his rights. He knew of the mistake within six months after the deed was executed and delivered, and yet he took no steps to have it corrected, until his right to do so was barred by laches, if not by statute. In pleading, he offers no excuse for not bringing this action at least within a reasonable time. True, he has had possession of the tract and paid taxes thereon for many years; but his possession was presumptively such that the statute did not begin to run in his favor until an open repudiation

of the deed or a disclaimer on his part of holding under or in trust for his grantee, the defendant A. Brutsche.

Under the facts disclosed by this record, we must, even though a mistake was made, as we firmly believe it was, in the interest of security to land titles, and of repose, approve of the decree of the district court. It is therefore *affirmed*.