[L. A. No. 3570. In Bank.—March 30, 1914.]

## LOUISE S. BRADBURY, Respondent, v. AUGUSTUS B. HIGGINSON, Appellant.

LIMITATION OF ACTIONS—EQUITABLE RELIEF SOUGHT BY DEFENDANT—BAR OF STATUTE.—The statute of limitations is applicable to an equitable cause of action asserted in his defense by a defendant against the plaintiff, just as it would be in case the relief were sought by an independent action.

ID.—ACTION FOR RENT—BREACH OF COVENANT NOT INCLUDED IN WRITTEN LEASE AS DEFENSE—REFORMATION OF INSTRUMENT.— Where a lessee abandons the premises because the lessor fails to furnish water, claiming that it was understood at the time of the execution of the lease that the lessor should supply water but that by mutual mistake the covenant therefor was omitted from the written lease, and the lesssor sues on the lease to recover rent, the right of the lessee to have the lease reformed is governed by subdivision 4 of section 338 of the Code of Civil Procedure, which fixes a limitation of three years for actions "for relief on the ground of fraud or mistake."

ID.—MISTAKE IN OMITTING COVENANT FROM LEASE—RUNNING OF STAT-
UTE OF LIMITATIONS—PLEADING.—The lessee's cause of action for
reformation accrued upon the discovery of the facts constituting
the mistake; and if he seeks such relief in his answer, it is not
enough merely to allege that he did not discover the mistake until
within three years of the filing of the answer. A mere averment
of ignorance of a fact which a party might with reasonable dili-
gence have discovered is not enough to postpone the running of
the statute; it is necessary for the party seeking to avoid the bar to
affirmatively plead facts excusing the failure to make an earlier
discovery of the mistake relied upon.

ID.—EXCUSE FOR FAILURE TO DISCOVER MISTAKE—PREPARATION OF
LEASE BY LESSOR'S ATTORNEY.—It is not a sufficient excuse for the
lessee's failure to discover that the lease did not contain the cove-
nant to furnish water, that it was prepared by the lessor's attorney.

ID.—MISTAKE—FAILURE OF WRITING TO EXPRESS INTENTION—DIS-
REGARD OF ERRONEOUS PARTS.—Whatever may be the real scope of
section 1640 of the Civil Code, providing that "when through fraud,
mistake, or accident, a written contract fails to express the real
intention of the parties, such intention is to be regarded, and the
erroneous parts of the writing disregarded," it cannot have the
effect of authorizing a court, in the absence of a showing of a
right of reformation, to find, upon oral testimony, that a written
contract includes provisions which do not appear upon its face,
and to enforce such provisions as a part of the written contract.

ID.—REFORMATION OF CONTRACT—TIME WITHIN WHICH RELIEF MAY
BE HAD.—The rule that an action for the reformation of a contract
is not barred so long as an action on the contract itself may be
brought, is not applicable to a case where the reformation sought
in an answer is not merely incidental but is an essential prerequis-
ite to the asking of any relief.

APPEAL from a judgment of the Superior Court of Santa
Barbara County. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

Canfield & Starbuck, for Respondent.

SLOSS, J.—The plaintiff brought this action to recover six
hundred dollars, rent claimed to be due under a lease of a
house at Montecito, Santa Barbara County. The lease, which
is set out in full in the complaint, was for five years from

the first day of January, 1905, at a monthly rental of one hundred dollars, and the amount here sued for is the rent for the last six months of the terms, i. e., July to December, 1909. The complaint, which alleges nonpayment of rent after July 1, 1909, was filed on June 18, 1912. In a former action for the recovery of the same sum, commenced in August, 1909, a judgment in favor of plaintiff had been reversed on the ground that the action, viewed as one for rent, was premature, such action not being maintainable in advance of the time when rent was payable under the lease. (*Bradbury* v. *Higginson,* 162 Cal. 602, [123 Pac. 797].)

In the present action, the defendant filed an answer, in which he denied the plaintiff's general allegation of performance of all conditions precedent, and set up affirmatively the failure of plaintiff to comply with an alleged obligation to furnish water to the premises, by reason of which failure the defendant had rescinded the contract of lease. A demurrer to the answer was sustained, and defendant declining to amend, the plaintiff had judgment for the amount claimed. The defendant appeals from such judgment.

The answer, read as a whole, clearly shows that the denial of performance of conditions precedent, above referred to, was intended to be qualified by and to refer to the affirmative allegations relative to the failure to furnish water. Indeed, it is not suggested that there was any other condition to be performed by the plaintiff. The implied covenant to protect defendant's possession (Civ. Code, sec. 1927) was not broken, as appears from the uncontroverted facts alleged in the pleadings. The real question, therefore, is whether these affirmative allegations set up a defense good against the demurrer interposed.

The matter thus pleaded was in substance as follows: At the time of the execution of the lease, it was mutually agreed that, in consideration of the payment of the rent, the plaintiff at all times during the terms of the lease would, at her own cost, keep the house and premises supplied with necessary water from plaintiff's water-plant. Without said agreement the defendant would not have accepted the lease. In reducing the lease to writing, the agreement to furnish water was by mutual mistake omitted. The premises had no other water supply. About June 29, 1909, the premises became uninhab-

itable for want of water, and continued to be without water until the eighteenth day of August, 1909. As soon as defendant ascertained that the premises were without water, he demanded of plaintiff that she furnish water, which she neglected and refused to do. Such neglect and refusal continued until August 17, 1909, when defendant elected to rescind said contract of hiring and to vacate the premises on account of plaintiff's neglect to furnish water, and on said date he served on plaintiff a written notice that he surrendered the premises and rescinded the lease. On the same day he did vacate the house and premises. The house and premises could not be used or occupied without water, and by reason of plaintiff's failure to furnish water, the consideration for defendant's agreement to pay rent from July 1, 1909, to August 17, 1909, absolutely failed. The contract of lease was prepared by plaintiff and her attorney, and defendant did not discover until August, 1909, that the written lease did not contain the term and condition orally agreed upon, to wit, that plaintiff should at her own cost furnish the premises with water from her plant.

One of the grounds of demurrer to the foregoing defense was that it is barred by the provisions of subdivision 4 of section 338 and subdivision 1 of section 339 of the Code of Civil Procedure.

Under the lease as written, the failure to supply water did not justify the defendant in abandoning the premises or refusing to pay rent. The writing did not impose upon the lessor any affirmative obligation in this regard. This was definitely established in the former action (162 Cal. 602, [123 Pac. 797]), where the defendant sought to interpret the word "appurtenances" in the lease as including an agreement to keep the water system in repair. The decision was against him on this point. The defense is, then, based upon the failure of the plaintiff to comply with an obligation which was not included in the written agreement, but was, as the answer alleges, omitted therefrom by mistake. For this failure, materially affecting the consideration, the defendant has asserted a right to rescind.

It seems entirely clear that, before any rescission or other defense can be based upon an agreement which should have been, but was not, made a part of the written lease, the writing

must be reformed by the decree of a court of equity, or, if there be no formal decree of reformation, there must be a showing justifying such a decree.   The defense really consists of two parts, i. e.: 1. A demand that the writing be reformed so as to express the true intention of the parties; and 2. A plea that the agreement has been rescinded for the failure of the plaintiff to perform it, as thus reformed.   But since the agreement claimed to be rescinded is not the agreement contained in the writing executed by the parties, it was essential to the defense that a right of reformation be established. The reformation of contracts is a branch of the equity juris- diction.   Under the old system, where legal and equitable rights were administered in different tribunals, the equitable remedy would have had to be sought and obtained in a court of chancery in a suit instituted for that purpose.   Under our procedure, however, equitable defenses may be interposed to legal causes of action, and a right to equitable relief, affecting the legal right asserted in the complaint, may be set up by way of answer.   But if the matter set up be an equitable cause of action, the answer must contain all the averments essential to the statement of a cause of action as such.   (*Bruck* v. *Tucker,* 42 Cal. 352; *Swasey* v. *Adair,* 88 Cal. 179, [25 Pac. 1119].)   If the defendant's right to obtain the equitable relief sought is barred by limitation, the plea of the statute may be interposed to the attempted defense just as it might have been in case the relief had been sought by an independent action.   This court has held that the statute of limitations is applicable to claims asserted in an answer by way of setoff or counterclaim (*Lyon* v. *Petty,* 65 Cal. 322, [4 Pac. 103]; *Moore* v. *Gould,* 151 Cal. 723, 732, [91 Pac. 616]), and the same reason ·exists for making the statute apply to defenses based upon an equitable cause of action asserted by the defendant against the plaintiff.

In the case under consideration the plaintiff, in her demurrer, pleaded subdivision 4 of section 338 of the Code of Civil Procedure, which fixes a limitation of three years for actions "for relief on the ground of fraud or mistake."   This is the statute applicable to the relief sought by the answer. (*Tarke* v. *Bingham,* 123 Cal. 163, [55 Pac. 759]; *Eureka* v. *Gates,* 137 Cal. 89, [69 Pac. 850].)   A reformation of the lease was demanded on the ground of mistake in omitting the

covenant binding the plaintiff to furnish water. The cause of action to enforce such reformation accrued, under the statute, upon the discovery of the facts constituting the mistake. (Code Civ. Proc., sec. 338, subd. 4.) It is true that the answer avers that the defendant did not discover the mistake until August, 1909, which was within three years of the filing of the answer. But a mere averment of ignorance of a fact which a party might with reasonable diligence have discovered is not enough to postpone the running of the statute. (*Hecht* v. *Slaney,* 72 Cal. 363, [14 Pac. 88]; *Burling* v. *Newlands,* 112 Cal. 476, [44 Pac. 810]; *Lady Washington Co.* v. *Wood,* 113 Cal. 482, [25 Pac. 809]; *Tracy* v. *Muir,* 151 Cal. 363, [121 Am. St. Rep. 117, 90 Pac. 832].) It is necessary for the party seeking to avoid the bar to affirmatively plead facts excusing the failure to make an earlier discovery of the mistake or fraud relied upon. (*Dennis* v. *Bint,* 122 Cal. 39, [68 Am. St. Rep. 17, 54 Pac. 378]; *Harrington* v. *Patterson,* 124 Cal. 542, [57 Pac. 476]; *Lady Washington Co.* v. *Wood,* 113 Cal. 482, [45 Pac. 809].) Here the defendant signed the lease in December, 1904. The only ground assigned for his failure to discover that the paper did not include the agreement to furnish water is that the lease was prepared by plaintiff's attorney. This is no sufficient excuse for the defendant's alleged ignorance of the terms of a writing executed and accepted by him. No reason appearing to the contrary, he must be deemed to have known the precise terms of the lease when he signed it. If it omitted a provision which it should have contained, his right to compel a reformation accrued at once and should have been asserted within three years. We do not think this case is one in which the reformation is merely incidental to the ultimate relief sought. It is the foundation upon which every other right asserted by the defendant must rest. Without a reformation, there was no contract which the plaintiff had broken, nor was there any right of rescission.

The defendant relies upon section 1640 of the Civil Code, providing that "when through fraud, mistake, or accident, a written contract fails to express the real intention of the parties, such intention is to be regarded, and the erroneous parts of the writing disregarded." This section is found in title III of part II of division third of the code, such title

dealing with the subject of ⬛ interpretation of Contracts.'' Whatever may be the real scope of this enactment, it certainly cannot have the effect of authorizing a court, in the absence of a showing of a right of reformation, to find, upon oral testimony, that a written contract includes provisions which do not appear upon its face, and to enforce such provisions as a part of the written contract. This would not be an interpretation of the contract. It would be altering a written contract by proof of the parol agreement of the parties, a procedure which is contrary to the most elementary principles governing the effect of written instruments. If the decision in *Gardner* v. *California Guar. etc. Co.*, 137 Cal. 71, [69 Pac. 844], gives to section 1640 the effect contended for by defendant, we think that decision goes too far, and should not be followed on this point.

The opinion in the Gardner case contains, further, an expression to the effect that an action for the reformation of a contract is not barred so long as an action on the contract itself might be brought. If this be the correct rule, we do not consider it applicable to a case like the one before us, where the reformation is not merely incidental to the main relief sought, but is an essential prerequisite to the asking of any relief.

For the reasons stated, we conclude that the demurrer to the answer was rightly sustained.

The judgment is affirmed.

Shaw, J., Angellotti, J., Melvin, J., Henshaw, J., and Lorigan, J., concurred.