KEENE v. ÆTNA LIFE INS. CO.

(District Court, W. D. Washington, N. D. May 16, 1914.)

No. 33.

1. EVIDENCE (§ 419*)—PAROL EVIDENCE TO VARY WRITING—RECITALS OF CONSIDERATION.

Where an agreement recited that, in consideration of the cancellation and release of certain claims and demands, and "in consideration of the payment this day made * * * of $3500 receipt of which is hereby acknowledged," certain policies of insurance were thereby surrendered,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the recital as to the payment of the $3,500 was merely an acknowledgment of the receipt thereof, and not descriptive of the consideration, and could be contradicted by evidence showing that the payment was not in fact made; and hence, it not being necessary to reform the contract, an action for such amount was one at law and not in equity.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419.*]

2. EVIDENCE (§ 450*)—PAROL EVIDENCE TO VARY WRITING—RECITALS OF CONSIDERATION.

A recital, in an agreement that it was made in consideration of a payment that day made, was not so clear, certain, and unambiguous as to preclude evidence to show whether it referred to a payment which had been or was to be that day made, conceding that it was descriptive of the consideration, and not merely an acknowledgment of the receipt of the payment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2066–2082, 2084; Dec. Dig. § 450.*]

3. LIMITATION OF ACTIONS (§ 24*) — LIMITATION APPLICABLE — "ACTION ON WRITTEN INSTRUMENT."

An action, on an agreement to surrender certain insurance policies in consideration of the payment of $3,500, to recover such consideration, which had not been paid, though its payment was recited, was an action on a written instrument within Rem. & Bal. Code Wash. § 157, par. 2, requiring actions upon written contracts to be brought within six years.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 112–117; Dec. Dig. § 24.*]

In Equity. Action by Walter A. Keene, as trustee in bankruptcy of John Gerrick and others, bankrupts, against the Ætna Life Insurance Company. On demurrer and motion to strike interrogatories. Demurrer overruled, interrogatories stricken, and proceedings stayed pending a motion to transfer to the law side of the court.

Leopold M. Stern, of Seattle, Wash., for plaintiff.
Kerr & McCord, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. Plaintiff sues to reform a contract, the alleged contract providing:

"Whereas, on October 1, 1909, and October 29, 1909, and Jan. 7, 1910, the Ætna Life Insurance Company issued and delivered to Gerrick & Gerrick of Seattle, Washington, three certain policies of Casualty Insurance, to-wit: Policy No. E. 57091 and Policy No. P. 18921 and 19453, for which the consideration has only been paid in part, leaving at this time a balance of premium due to the Ætna Life Insurance Company of $1100.00; and Whereas the said Gerrick & Gerrick are further indebted to the said Ætna Life Insurance Company in the sum of five hundred dollars ($500.00) for moneys by it advanced in account of the insured in the settlement of the case of Klawitter v. Gerrick & Gerrick; and Whereas, various matters of difference exist between the said insurance company and the said insured as to the extent of said company's liability, if any, under said policies or either of them; and Whereas, the parties hereto desire to settle their said differences, and surrender up and cancel out said policies of insurance as to the date of their issue, and do hereby agree so to do upon the payment by the said Ætna Life Insurance Company to the said Gerrick & Gerrick of the additional sum of thirty five hundred dollars ($3,-500.00); Now, therefore, it is agreed by and between Ætna Life Insurance Company, party of the first part, and John Gerrick and Joseph Gerrick, copartners doing business as Gerrick & Gerrick, parties of the second part, that in consideration of the cancellation of the claim of the first party against

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

second parties for the unpaid premium upon said policies in the sum of eleven hundred dollars ($1100.00) and of the release of second parties of the demand of first parties for the sum of five hundred dollars ($500.00) advanced on account of second parties in the settlement of said Klawitter Case and in consideration of the payment this day made by the party of the first part to the parties of the second part of the sum of thirty five hundred dollars ($3500.00) receipt of which is hereby acknowledged and of the waiver by first party of any and all demands by it held against second party in account of said policies and of expenses by first party incurred thereunder since the date of their issuance, said policies of insurance shall be and are hereby surrendered by second parties to first parties and are canceled as of the date of their issuance, and second parties acknowledge full satisfaction thereof and do hereby release first party from any other or further liability thereon or thereunder, of any character whatsoever."

Plaintiff alleges that John Gerrick and Joseph Gerrick surrendered the policies of insurance to defendant, and otherwise performed their part of the agreement.

It is further alleged:

"That the payment of $3,500 mentioned in said agreement was to have been paid contemporaneously with the execution and delivery of said agreement, but that the said defendant company through fraud and deceit procured the delivery of said agreement without the payment of the said $3,500.00. * * * Wherefore plaintiff prays the decree of this court reforming said agreement by striking therefrom the recital that said $3,500 had been paid, and, that he have judgment upon said contract, so reformed, for thirty five hundred dollars, with interest thereon from December 16, 1910, besides costs of suit."

Defendant demurs and moves to strike the interrogatories propounded to it.

Plaintiff cites the following authorities: Grand View Bldg. Ass'n v. Northern Assur. Co., 73 Neb. 149, 102 N. W. 246; Garst v. Brutsche, 129 Iowa, 501, 105 N. W. 452; Section 157, Rem. & Bal. Code; 34 Cyc. 906, 932, 962, 930; Equity Rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv).

Defendant relies upon the following authorities: City of Eureka v. Gates, 137 Cal. 89, 69 Pac. 850; Webb v. Webb (Ky.) 64 S. W. 839; Plumb v. Campbell, 129 N. Y. 101, 18 N. E. 790; Waters v. East, 23 Tex. Civ. App. 412, 56 S. W. 939; Rem. & Bal. Code, §§ 159, 165; Corse & Co. v. Minn. Grain Co., 94 Minn. 331, 102 N. W. 728; Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117; Nat'l Cash Register Co. v. Leland (C. C.) 77 Fed. 242.

The motion to strike is based upon the grounds that the action is one at law, and that the state statute, authorizing interrogatories, will not be followed in this particular, as the mode of proof is not that at common law, as provided for trials in the federal court. Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117; Section 861, Rev. St. Fed. Stat. Ann., vol. 3, p. 7 (U. S. Comp. St. 1901, p. 661). The demurrer is upon the following grounds:

"(1) That the above-entitled action has not been commenced within the time limited by law; (2) that the plaintiff has no legal capacity to sue; (3) that the complaint does not state facts sufficient to constitute a cause of action."

[1] Defendant, taking the position that the suit is at law, has demurred. But, whether the motion to strike the interrogatories is first

considered, or the demurrer be considered as in a suit at law, or as a motion to dismiss in equity, the first thing to determine is whether the present suit is at law, or, if framed as a bill in equity, whether there is an adequate remedy at law.

As above stated, the prayer for reformation is that there be struck from the agreement the words "that said $3,500 had been paid." The recital aimed at is:

"And in consideration of the payment *this day made* by the party of the first part to the party of the second part in the sum of thirty five hundred dollars ($3500.00) receipt of which is hereby acknowledged," etc.

"A recital in a written instrument as to the payment of the consideration is merely in the nature of a receipt and may be contradicted, unless such contradiction would have the effect of rendering nugatory some substantial and contractual provision of a valid written contract or undertaking, or in the case of a conveyance where the grantor or those claiming under him attempt, by contradicting the consideration clause, to defeat the operation of the deed or establish a resulting trust in the grantee." 17 Cyc. 656, 657, "c."

"Where a consideration has been agreed upon in a contract, and incorrectly expressed in the instrument embodying the same, as between the original parties, a decree to reform is proper." 34 Cyc. 932 "4."

The question first to be determined is whether the recital asked to be reformed is merely an acknowledgment of receipt. If so, a suit at law is the proper remedy, as in such case it may be contradicted. If it is not merely an acknowledgment of receipt, the question then remains whether the words "this day paid" constitute such a descriptive part of the recital of consideration as to be varied, or contradicted, if evidence were offered to show, as alleged in the complaint, that this consideration ($3,500) was, under the agreement, to be paid "contemporaneously with the execution and delivery of said agreement."

It is concluded that the recital is rather an acknowledgment of receipt than descriptive of consideration. That it is so may be more clearly shown by omitting certain intervening words—

"in consideration of the payment this day made * * * receipt of which is hereby acknowledged."

Stated thus it is shown that the words sought to be changed are no more than a receipt which acknowledges payment, and may therefore be varied or contradicted by showing that payment was not, in fact, made.

[2] It is not meant to concede that such a recital, if descriptive of the consideration, might not be explained by oral testimony. The phrase "payment this day made" is not so clear, certain, and unambiguous as to preclude evidence to show whether it means "payment which has been this day made," or "payment to be this day made."

This conclusion is supported by a decision written by Baron Pollock, and concurred in by the other Barons of the English Court of Exchequer. Goldshede v. Swan, 1 Exch. 153. The contract there in question provided:

"*In consideration of your having this day advanced* to our client, Mr. Vernon Dolphin of Piccadilly, in the county of Middlesex, the sum of £750, secured by his warrant of attorney, payable on the 22d day of August next, we hereby jointly and severally undertake to pay the same on the said 22d day

of August, or so soon afterwards as you apply for same, in case default should be made in payment of the sum of £750 by the said Vernon Dolphin, Esq., on the said 22d day of August next. Dated this 22d day of June, 1840." The italics are ours.

In deciding the case, the court says:

"The real question is whether the evidence was admissible, that is, whether it might be shown that the advance was not a past advance. It appears to me that the evidence was properly received. Where any written instrument is ambiguous, evidence is receivable to construe its meaning, but not to alter or vary in any manner the terms of that instrument. Here it was proved that the guaranty was given, and that the money thereupon advanced. In the case of Butcher v. Steuart the memorandum was held to be prospective, and judgment was given for the plaintiff. That case is very similar to the present. It was a special case, and was very recently decided. The present case also falls within the same principle as that of Haigh v. Brooks. The expression 'this day' may mean something which *has been* done, or which is *to be* done this day. Evidence may therefore be properly admitted to explain its meaning, though not to contradict it. The words are not to have that grammatical strictness of construction put upon them for which the defendant's counsel contends; but such a one as will explain the meaning of the parties. For these reasons, and upon the authority of the cases of Haigh v. Brooks and Butcher v. Steuart, I am of the opinion that the plaintiff is entitled to retain his verdict without any amendment, and that this rule should be discharged." At page 159. .

[3] The action is held to be at law. · It is not therefore necessary to determine which section of the statute of limitations would control, if any, were it to reform the instrument. The suit is one upon a written instrument which, under section 157, Remington & Ballinger's Code, par. 2, may be brought within six years.

The first ground of demurrer—the only one argued—is, together with the other grounds of demurrer, overruled. The interrogatories will be stricken and proceedings on the equity side of the court stayed, pending a motion by either party to transfer to the law side.