PILLSBURY-WASHBURN FLOUR-MILLS CO. *vs.* JONAS M. KISTLER.

Submitted on briefs April 17, 1893. Decided April 27, 1893.

**Parol Trust on an Absolute Conveyance is Invalid.**

An *express* trust in favor of the grantor cannot be ingrafted on a conveyance, absolute in its terms, either by oral proof, or, under the doctrine of "part performance," by proof that the grantor, with the consent of the grantee, remained in possession, and expended money in betterments.

Appeal by defendant, Jonas M. Kistler, from an order of the District Court of Hennepin County, *Charles M. Pond*, J., made December 2, 1892, denying his motion for a new trial.

George W. Probst was on September 23, 1890, the owner of an undivided third of lot eight (8) in block three (3) in Rodell & Noerenberg's Addition to Minneapolis, on which was a building, a part of

which he and his wife occupied as their homestead. He and his wife had at times disagreed, and he was desirous of placing the title to this property in such a position that he could sell it, if he saw fit, without her consent. He on that day induced her to join with him in a warranty deed conveying the property, without consideration, to the defendant, Jonas M. Kistler. The deed was made and immediately recorded. He and Kistler had at the time an oral agreement that Kistler should hold the title in trust for him, and convey it as he should direct. Kistler gave Probst his check for $900 for the property, and the next day Probst drew the money, and paid it back to Kistler. Probst continued to occupy the property as his homestead until November of that year, when he removed therefrom, and has not since occupied it; but he has ever since paid the taxes, and made necessary repairs upon it and exercised control over it. He also paid his share of the expense of an addition to the building. Kistler has never taken possession of the property or claimed to own it, but has at various times stated that he had no right to, or interest in, the property.

Between June 3, 1891, and February 17, 1892, the plaintiff, Pillsbury-Washburn Flour-Mills Company, a corporation, sold and delivered flour to "Probst & Co.," a copartnership, of which George W. Probst was a member; and on May 11, 1892, the corporation obtained judgment for $108.62 therefor against the members of the copartnership, and a writ of execution issued upon the judgment was returned unsatisfied. The corporation then commenced this action against Kistler only, stating the facts above recited, but no others, and it asked judgment that the property belonged to George W. Probst, and that its judgment was a lien thereon, and that the third of the lot be sold to pay the judgment.

The action was tried September 29, 1892, and proof was made of these facts. The court made findings accordingly, and ordered judgment as prayed in the complaint. Defendant moved for a new trial, and being denied, appeals from the order refusing it.

*Day & Enches,* for appellant.

Upon the trial below, the court overruled defendant's objection, and received evidence of an oral agreement made between Probst and defendant, tending to show an express trust concerning the

premises.   1878 G. S. ch. 41, § 10.   Such oral agreement did not create a trust or vest in Probst any estate in the land; because, said agreement was void and of no force or effect under the statute of frauds.   Plaintiff. does not allege any fraud or fraudulent intent as to creditors, or otherwise, in making the transfer.   *Wolford* v. *Farnham,* 44 Minn. 159; *Randall* v. *Constans,* 33 Minn. 329; *Conlan* v. *Grace,* 36 Minn. 276;   *Tatge* v. *Tatge,* 34 Minn. 272; *Johnson* v. *Johnson,* 16 Minn. 512, (Gil. 462;)   *Stevenson* v. *Crapnell,* 114 Ill. 19; *Jackson* v. *Cleveland,* 15 Mich. 94; *Dunn* v. *Dunn,* 82 Ind. 42; *Manning* v. *Pippen,* 86 Ala. 357.

The indebtedness upon which judgment was obtained against Probst was contracted long after the deed in question was made and recorded.   Probst was solvent and not indebted to any person at the time he transferred the land in question.   The complaint does not attack the deed on the ground of fraud, or because of its being fraudulent as to existing or subsequent creditors of Probst.   The sole ground upon which it proceeds is, that the deed was a voluntary deed, and is void as against subsequent creditors of Probst. *Yeatman* v. *Savings Inst.,* 95 U. S. 764; *Stewart* v. *Platt,* 101 U. S. 731; *Moore* v. *Page,* 111 U. S. 117; *Schreyer* v. *Scott,* 134 U. S. 405; *Horbach* v. *Hill,* 112 U. S. 144.

A subsequent creditor cannot avoid a conveyance by his debtor, not made to defraud him or any other existing or subsequent creditor.   *Bruggerman* v. *Hoerr,* 7 Minn. 337, (Gil. 264;)   *Stone* v. *Myers,* 9 Minn. 303, (Gil. 287;) *Sanders* v. *Chandler,* 26 Minn. 273; *Hartman* v. *Weiland,* 36 Minn. 223; *Bloom* v. *Moy,* 43 Minn. 397; *Fullington* v. *Northwestern I. & B. Ass'n,* 48 Minn. 490.

The premises were the homestead of Probst at the time he conveyed them to appellant, on September 23, 1890; and he had the right to convey them without consideration as against creditors. *Morrison* v. *Abbott,* 27 Minn. 116; *Ferguson* v. *Kumler,* 27 Minn. 156; *Furman* v. *Tenny,* 28 Minn. 77; *Baldwin* v. *Rogers,* 28 Minn. 544.

*C. S. Jelley,* for respondent.

Probst deeded to Kistler under an agreement that Kistler should deed to such person as Probst should designate.   Probst remained

in possession of the premises, and made repairs upon, and·built an addition to the building, paying therefor himself by virtue of said agreement, thus taking the contract out of the statute. We make no claim under an oral trust, and we do not claim that the deed to Kistler was fraudulent. Kistler paid Probst some money and Probst, on the following day, paid the whole of it back to Kistler. Pursuant to their agreement Probst remained in possession of the property, made and paid for repairs to the building, and together with the other tenants in common, constructed an addition to the building, and paid his part of the expenses therefor, thus taking the oral contract of Kistler, to redeem the property, out of th statute, and making the contract as good, as though originally made in writing. The plaintiff claims that when it docketed its judgment against Probst in the District Court, Probst was the owner of the property in question, and that the judgment was a lien on that property.

The making of substantial improvements by the vendee in possession, as was done in this case, is such a part performance, as takes the agreement out of the statute of frauds. And any act which the party to the contract might have asserted and relied on, may be asserted and relied on by those claiming under him. *Brown* v. *Hoag,* 35 Minn. 373; *Pfiffner* v. *Stillwater & St. P. R. Co.,* 23 Minn. 343; *Gill* v. *Newell,* 13 Minn. 462, (Gil. 430;) *Ryan* v. *Dox,* 34 N. Y. 307.

MITCHELL, J. The allegations of the complaint (denied by the answer) are that a conveyance of a certain lot in Minneapolis, executed by one Probst to defendant in September, 1890, was made without consideration, in trust for the use of the grantor, and the relief asked is that it be adjudged the property of Probst, and subject to the lien of a judgment obtained by plaintiff against Probst in May, 1892, on an indebtedness contracted between June, 1891, and February, 1892. It is not alleged or claimed that the conveyance by Probst was made with any intent to defraud his creditors, either existing or subsequent. In fact, it stands admitted that, at the date of the conveyance, he owed no debts, and there is nothing to show that `' that time he had in contemplation contracting any. Plaintiff's r `ht to maintain the action is predicated solely upon the propositio that

the conveyance was made in trust for the use of the grantor, and hence is beneficially his property. The conveyance to defendant was in terms absolute, but the plaintiff was permitted, over the objection and exception of defendant, to introduce evidence tending to prove an oral agreement between him and Probst that the former was to hold the title in trust for the latter. This was error. If the conveyance had been attacked on the ground that it was made for the purpose of defrauding creditors, the want of consideration or a secret trust for the benefit of the grantor could have been proven by parol, for the statute of frauds does not apply to secret trusts and confiden es for the purpose of defrauding creditors.

But the conveyance is not assailed on any such ground. Therefore, in order to recover, plaintiff was bound to prove just what he had alleged, to wit, that the conveyance was made in trust for the use of the grantor, Probst. But this it could not do by verbal proof any more than Probst could have done had he been plaintiff. To do so would be to disregard, not only the statute of frauds, but also a very elementary rule of evidence. That Probst could not have set up any such trust by means of verbal proof would not be claimed; but the case is as much within the statute of frauds and the mischiefs it was designed to prevent as if Probst himself had been plaintiff.

Counsel concedes this, for he says in his brief: "We make no claim under the oral trust, and we do not claim that the deed to Kistler was fraudulent;" his sole contention being that, although the oral agreement to hold in trust was void when made, yet because, pursuant to it, Probst, with the knowledge and implied consent of Kistler, remained in possession of the premises, and expended considerable money in repairs and betterments, the case is taken out of the statute "making the contract as good as though made in writing," thus invoking, as we understand him, the familiar doctrine of part performance. We regret that counsel has not furnished us more aid in his brief upon what he concedes to be the only point in the case; but it seems to us that the so-called "doctrine of part performance" has no application, and we have found no instance where it was ever applied to such a case.

It is not a general doctrine of equity, but an invention of the courts to get around the statute, and prevent fraud, not by varying

or contradicting written ·contracts by parol, but by enforcing oral contracts actually made, but not otherwise enforceable, because not in writing. It is elementary that oral proof cannot be heard to ingraft an *express* trust on a conveyance absolute in its terms, and we have never heard of a case where it was done under the so-called "doctrine of part performance."

Order reversed.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1063.)

Application for reargument denied May 9, 1893.

Submitted on briefs April 17, 1893.    Decided April 27, 1893.