Lydia A. Luckhart and Gertrude M. Luckhart, Appellees, v. William Luckhart et al., Appellants.

**Express Trust:** PAROL EVIDENCE.   Parol evidence is not admissible to establish an express trust in land.

**Deed:** DELIVERY PRESUMED.   A deed from father to son reciting a consideration and filed for record by the grantor will be presumed to have been delivered.

**Trust in Land:** WANT OF CONSIDERATION.   Where a father conveys real estate to a son, reciting payment of consideration, those interested in the grantor's estate cannot establish a trust in the land, where there is no proof of fraud or mistake by showing that the deeds were in fact without consideration.

**Resulting Trust:** EVIDENCE.   Evidence that a son to whom land was conveyed by the father in fact paid no consideration, never had possession except as tenant, that the father managed it, made improvements, rented it, caused it to be assessed to him, mortgaged it and had possession of the deeds at the time of his death, is insufficient to establish a resulting trust in favor of the heirs of the father, and parol evidence is not admissible in such a case to show want of consideration to defeat the beneficial use expressed in the deeds.

**Subsequent Possession by Grantor.**   Where a father conveys land to his son, it will be presumed that his subsequent possession is in subordination to the title of the son, and not adverse, in the absence of a showing that he asserted a hostile title.

*Appeal from Grundy District Court.*—Hon. F. C. Platt, Judge.   ·

Saturday, April 11, 1903.

Suit in equity for the partition of certain real estate. From a decree finding that one John Luckhart at the time

of his death was the owner of a certain three hundred and twenty acres of land in Grundy county, Iowa, which William Luckhart claimed to own, he (William Luckhart) appeals.—*Reversed.*

*J. H. Scales* for appellant.

*Courtright & Arbuckle* and *John S. Roberts* for appellees.

DEEMER, J.—The suit is to partition three hundred and twenty acres of land and five town lots, but the only controversy is over two quarter sections which appellant, William Luckhart, claims to own in virtue of conveyances thereof from John Luckhart, executed in August of the year 1877. John Luckhart, who at one time was the owner of this land, was the father of the defendants to this action, by his first marriage. His first wife died in the year 1876, and in June of the year 1879 he married the plaintiff Lydia Luckhart, by whom he had one child, Gertrude M., who with her mother, is also a plaintiff. The father, John Luckhart, died intestate January 19, 1899, and plaintiffs claim that they are entitled to a part of his estate, which included, among other things, the land in dispute. The record title to this land, as has been observed, is in defendant William Luckhart, under and by virtue of his deed executed in the year 1877. But plaintiffs claim that this deed was without consideration, was never delivered, was not intended to convey a beneficial interest, and that the grantee therein held the legal title in trust for John Luckhart. The deeds conveying the land to William contained covenants of general warranty, recited considerations, and, as they are of record, the presumption is that William is the owner of the land, and his claim thereto should be sustained, unless it be for some of the matter set forth by plaintiffs in their pleadings, and established by their proofs. These are (1) that the deeds were never

delivered: (2) that out of the circumstances surrounding the transactions a resulting trust arose in favor of the grantor or his heirs, which should be established and enforced.

Counsel for appellees frankly say that they have never claimed, and do not now contend, that there was an express trust in the land.   But if they had, such contention

1. EXPRESS trust: parol evidence.

would be without merit, for the reason that such a trust cannot be established by parol testimony.   If they have shown that there was in fact no delivery of the deeds, then plaintiffs would be entitled to share in the land; but such claim distinctly negatives the idea of a trust, for defendant could not well have held the legal title in trust unless he acquired it in some manner. The deeds, as will be noticed, were from father to son. They recited valuable considerations, and the evidence shows that they were filed for record by the grantor.

2. DEED: delivery presumed.

Under such circumstances, a delivery will be presumed.   *Valter v. Blavka*, 195 Ill. 610 (63 N. E. Rep. 499); *Connard v. Colgan*, 55 Iowa, 538.   Moreover, there is other direct testimony of an actual delivery to the grantee.   Plaintiffs have not produced sufficient testimony to overcome this evidence, and we must find there was an actual delivery of the deeds.   As they recited a consideration, and there is no proof of fraud or mistake, it is not permissible for plaintiffs to establish a trust by showing want of consideration therefor.   This rule is settled by a long line of authorities. *Acker v. Priest*, 92 Iowa, 610; *Gregory v. Bowlsby*, 115 Iowa, 327, and cases cited.

Appellees rely, however, on evidence to the effect that it was not intended that the grantee should take a beneficial estate.   There are some general statements in

3. TRUST in land: want of consideration.

the opinions of this court to the effect that where a conveyance is made without consideration, and it appears from the circumstances that the grantee was not to take beneficially, a resulting trust arises.   See *Williams v. Williams*, 108 Iowa, 91;

*Dunn v. Zwilling Bros.*, 94 Iowa, 233.   And there may be cases where this should be the rule.. But generally speaking, a trust cannot be established by showing, as against a deed reciting a consideration, the receipt of which is acknowledged by the grantees, that there was in fact no consideration paid.   See cases heretofore cited, and particularly *Acker v. Priest*.   As the deeds ran directly from John Luckhart to his son William Luckhart, there is no room for the doctrine of resulting trust, growing out of the fact that John furnished the consideration for the land.   He was the owner thereof, and made a transfer directly to his son; and, even if there was no valuable consideration, the transfer would be good as a gift or advancement based on love and affection, and no trust would arise.   *Aker v. Priest, supra*, and cases cited.   Because of such rules and presumptions, it is difficult, in any case of this kind, to establish a resulting trust. There is neither claim nor showing of any fraud perpetrated by William, nor is there any evidence that the conveyance was made for the purpose of defrauding the second wife.

It goes without saying that a pure resulting trust may be established by parol, but a trust depending upon an agreement of the parties cannot be so established.   What, 4. RESULTING then, are the exact facts on which appellees trust: evidence. rely to establish a resulting trust.   .They are that William never paid any consideration for the land; that he never had possession of the land except as a tenant; that John, the grantor, managed the land for some time after the deeds were made, and until about the year 1886; certain declarations made by William regarding his possession of the property; that John Luckhart put improvements on the land, and rented part of it to a stranger or strangers; that for a time after the conveyance he caused the property to be assessed in his own name, and executed mortgages on part of it; that the deeds to the land were found with other papers belonging

to John Luckhart after his death.    Do these facts establish a resulting or presumptive trust?  We think not. Parol evidence is not admissible in . such a case to show that there was no consideration for the deed, in order to defeat the beneficial use therein expressed.    See cases heretofore cited, and *Salisbury v. Clarke*, 61 Vt. 453 (17 Atl. Rep. 135); *Hogan v. Jacques*, 19 N. J. Eq. 128 (97 Am. Dec. 64).    Mr. Pomeroy, in the second edition of his work on Equity Jurisprudence at section 1035, thus states the rule: "If the doctrine [that contended for by appellees in this case] has any existence under the conveyancing system of this country, so that a trust should result to the grantor from the absence of a consideration, it can only be where the deed simply contains words of grant or transfer, and does not recite or imply any consideration, and does not, in the *habendum* clause or elsewhere, declare any use in favor of the grantee, and the conveyance is not in fact intended as a gift." Section 1036: "If, therefore, there is in fact no consideration, but the deed recites a pecuniary one, even merely nominal, as paid by the grantee, this statement raises a conclusive presumption of . an intention that the grantee is to take the beneficial estate, and destroys the possibility of a trust resulting to the grantor; and no extrinsic evidence would be admissible to contradict the recital, and to show that there was in fact no consideration, except in a case of fraud or mistake." These rules are supported by a great number of authorities cited in the footnotes; and we have followed them in a number of cases, some of which have already been cited. See, also *Osborn v. Osborn*, 29 N. J. Eq. 385; *Squire v. Harder*, 1 Page, 494 (19 Am. Dec. 446); *Leman v. Whitley*, 4 Russ. 423.    There is no claim of any fraud or mistake; hence the case must be determined with reference to the above rules.

There was then no presumptive or resulting trust, and, as an express one cannot be shown by parol, we have but

one question left, and this a claim that defendant's title is 5. SUBSEQUENT barred by the statute of limitations, and that possession by grantor. John Luckhart acquired title to the lands by adverse possession. Defendant's title does not seem to have been challenged for such a time as to bar him from asserting his deed, and the testimony is not sufficient to establish the claim of adverse possession in John Luckhart. He was presumptively in possession until the year 1886 in subordination to the title of his grantee. *McClenahan v. Stevenson*, 118 Iowa, 106. And there is no showing that he ever asserte t title in hostility to said grantee. If his claim was as beneficial owner under a trust deed, his claim would not be in hostility to the holder of the legal title, but in accordance therewith; and the statute would not begin to run until his grantor denied the trust, or the grantor asserted not only beneficial ownership, but also claimed the legal title in hostility to his trustee. See the *McClenahan Case, supra.* The mere fact that John Luckhart remained in possession of the lands' for a time after, the conveyance was executed, and made improvements on the premises, does not of itself establish either a trust or adverse possession. *Pillsbury v. Kistler*, 53 Minn. 123 (54 N. W. Rep. 1063).

So far we have discussed the case from appellees' standpoint. In support of the deed the defendant offered evidence showing that he gave his notes for part of the consideration of the land; that the deeds were actually delivered to him; that he paid these notes; that he took possession of the property, used and occupied it as his own; that he paid taxes on the premises; and other facts tending to support the conveyance. Appellees made defendant William Luckhart their witness, and elicited most of these facts. The conveyance attacked was made nearly thirty years ago. It has gone unassailed all this time, and plaintiffs are relying on loose and random conversations and conduct of the parties for many years to defeat this

aged and solemn deed. They should, under well-settled rules, make out a plain case in order to succeed. Such titles should not be easily disturbed. Safety in convey-ancing and in land titles requires us to hold that the sanctity surrounding deeds of this character should be preserved, and that they should not be set aside except on the clearest and most satisfactory evidence. It may be that John Luckhart intended to defraud his second wife, but this is not claimed, and we therefore have no occasion to determine whether or not such was the fact.

Having carefully gone over the evidence, we are of opinion that the decree should be reversed, and the title to the lands in dispute quieted in the defendant William Luckhart. Such a decree may, at defendant's option, be entered in this court or the case may be remanded for a decree in harmony with this opinion.—REVERSED.