## JEREMIAH P. HARNEY v. DANIEL HARNEY.[1]

January 4, 1918.

No. 20,667.

**Cancelation of instrument — offset for use and occupation.**

>    The refusal of the trial court to find that defendant was the owner
>    in fee of certain real property, and the further refusal to find that he
>    was entitled to rent for the use and occupation thereof by plaintiff, *held*
>    sustained by the evidence.

Action in the district court for Wabasha county to cancel defendant's interest in a certain deed from plaintiff; to secure a decree that defendant's title in certain real estate acquired under execution sale is held in trust for plaintiff, and to recover $3,622.12. The defense is set out in the fourth paragraph of the opinion. The case was tried before Granger, J., who made findings and ordered judgment against defendant for $1,629.97. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*George H. Hammond,* for appellant.

*Henry W. Morgan,* for respondent.

BROWN, C. J.

Thomas Harney, late of Olmsted county, died intestate on April 8, 1911, leaving real and personal property of the value of over $50,000. He was survived by his widow and 10 children, sons and daughters of mature years. His estate was duly administered in the probate court and by final decree of date of January 22, 1913, assigned to the heirs in accordance with the statutes of descent and distribution; a one-third interest being decreed to the widow, and an undivided one-fifteenth interest to each of the sons and daughters, including plaintiff and defendant in this action. The land here involved was a part of the estate and was decreed to the heirs in the proportions just stated. At

1Reported in 165 N. W. 967.

the time of the death of decedent and for some time prior thereto, plain-tiff with his wife and family resided upon the land and cultivated it in his farming operations. Plaintiff's business capacity appears not to have been good. He was involved in financial difficulties, largely in debt, and unable to meet his obligations. The heirs of the estate under-stood fully his situation, particularly his mother, and they were all desirous of protecting his family and securing to them the benefits of the inheritance soon to fall to him. With this end in view it was finally agreed that plaintiff should make a general assignment and transfer of his rights and interest in the estate to defendant, who agreed to accept and manage the same for the use and benefit of plaintiff and members of his family. The transfer was made, and thereunder and by virtue thereof defendant received from the administratrix of the estate plaintiff's share therein, amounting to the sum of $3,622.12. Of this there is no dispute, though defendant claims that the amount so received by him did not exceed the sum of $3,522.12, or $100 less than the amount claimed by plaintiff.

In respect to the real property, which plaintiff occupies with his fam-ily, the evidence tends to show, though disputed by defendant, that all the heirs agreed to convey the same to defendant to be held by him for the use and benefit of plaintiff and his wife and children; the plain-tiff and wife to have a life estate therein, and, when plaintiff's financial difficulties were overcome, defendant was to convey the land to the children subject to such life estate. The heirs conveyed to defendant, but the deed is in the usual form of such instruments and contains no conditions or reservations of the character stated, but purports to con-vey the title absolute to defendant. The deed was so executed on August 31, 1912. Thereafter plaintiff continued in the occupancy of the land as before and precisely as though he held the fee title thereto.

Plaintiff a year or so later repudiated and rescinded the assignment of his share of the estate to defendant and demanded a return thereof to him. He also demanded that defendant convey the land to him. Defendant refused compliance with either demand, and plaintiff brought this action to enforce the same. The complaint set out in detail the facts stated with one qualification. It alleges that the agreement with his heirs at the time the land was conveyed to defendant was that he

should, when plaintiff's financial troubles were over, reconvey the same to plaintiff. The evidence shows the fact to be as heretofore stated, and that the conveyance from defendant was to be to the plaintiff's children, subject to a life estate in plaintiff and his wife. But with this exception the facts pleaded disclose in a general way those heretofore stated.

Defendant by his answer admitted the receipt of the share of the estate, aside from the land, assigned to plaintiff by the probate decree, the same to be used in the payment and discharge of his debts and obligations. And, in justification of his refusal to pay over any part of the property so received pursuant to plaintiff's demand, he alleged that the whole thereof had been expended in the payment of just and legal claims against plaintiff, and that defendant had thereby fully discharged his duty under the trust imposed upon him. The items of debts so paid by defendant are stated in the answer, and include an item of $2,400, for the use and occupation of the land in question by plaintiff subsequent to the conveyance thereof by the heirs to defendant. And this amount defendant claimed due him for the use of the land, and he presented it as an offset to plaintiff's demand. The basis of this claim is the contention of defendant that the land was not conveyed to him in trust for the use of plaintiff or for the use of his wife or children, but in consummation of a purchase of the same by him from the heirs, and that the deed was intended to vest in him the unqualified fee title to the land.

Upon the issues thus presented the cause came on for trial, and was heard by the court without a jury. The court found in addition to the general facts stated, that there remains in the hands of defendant of the amount received by him as the share of plaintiff in the estate the sum of $1,629.97, for which judgment was ordered in plaintiff's favor. The court rejected defendant's claim for the value of the use of the land by plaintiff, on the ground that he was not the owner of the land, and therefore was without right to demand the payment of rent for the use and occupancy of the same by plaintiff.

Defendant moved for amended findings, in which he sought to have the court find that he was the fee owner of the land and entitled to the use thereof, but the motion was denied. Judgment was entered on the findings and defendant appealed.

The only question presented is whether the court erred in rejecting and disallowing defendant's claim for the use of the land as an offset to plaintiff's demand. We answer the question in the negative. As heretofore stated the whole foundation for this claim is defendant's alleged ownership of the land. The court expressly declined and refused to find that he was such owner, and with that refusal his claim falls as without support. Our examination of the record leads to the conclusion that the action of the court is fully supported by the evidence and cannot be disturbed. The evidence of witness Spillane is quite persuasive that the conveyance to defendant by the heirs was to vest title in him for the use and benefit of plaintiff and his wife, in the form of a life estate with the remainder to their children. Though the defendant expressly disputed this evidence the question was one for the trial court to determine. The evidence is not clearly against its conclusion. In this view of the case the rights of plaintiff in and to the land are immaterial. Defendant's claim to rent must stand or fall on the strength of his own title, as he has no title his claim disappears.

This disposes of the case, but it should be remarked in conclusion, to obviate any misunderstanding in the future, that we do not consider the question whether defendant has ever parted with the one-fifteenth interest in the land which was decreed to him by the probate decree. For aught that appears from the record he still holds that interest. But that was not the basis of his claim against plaintiff; the question was not brought to the attention of the trial court, and was not referred to in this court, and is therefore passed without further remark, except that the question should not be treated as having been determined in this action.

Judgment affirmed.