JEREMIAH P. HARNEY AND OTHERS v. DANIEL HARNEY.[1]

March 18, 1927.

No. 25,855.

**Express trust cannot be ingrafted upon an absolute deed by parol proof.**

1. An express trust in favor of the beneficiary cannot, by parol proof, be ingrafted upon a deed which is absolute in form.

**Constructive trust does not result from failure of the express trust.**

2. The failure of the intended express trust does not result in a constructive trust in favor of the beneficiary of the incomplete trust.

**Doctrines of res judicata and stare decisis inapplicable.**

3. The record does not invoke the doctrine of res judicata nor of stare decisis.

Courts, 15 C. J. p. 919 n. 1.
Judgments, 34 C. J. p. 932 n. 29; p. 941 n. 72.
Trusts, 39 Cyc. p. 83 n. 62; p. 171 n. 24.

See 26 R. C. L. 1216.

Plaintiffs appealed from an order of the district court for Wabasha county, Finkelnburg, J., denying their motion for a new trial. Affirmed.

*John R. Foley* and *Thomas Kneeland*, for appellants.
*James A. Carley* and *Phillips & Lindmeier*, for respondent.

WILSON, C. J.

Plaintiffs appealed from an order denying their motion for a new trial.

Plaintiffs Jeremiah P. Harney and Katherine Harney are husband and wife. The other plaintiffs are their children.

Thomas Harney, the father of Jeremiah P. Harney and defendant, died intestate on April 8, 1911, leaving a widow and ten children.

[1]Reported in 213 N. W. 38.

The final decree on January 22, 1913, gave each child an undivided one-fifteenth interest in the estate including a 160-acre farm in Wabasha county, on which plaintiff Jeremiah P. Harney and his family have lived for about 25 years. Jeremiah P. Harney was considered as an improvident person. On June 30, 1911, he gave a quitclaim deed to defendant covering his interest in the farm. On August 12, 1912, the mother and the other children conveyed their thirteen-fifteenths interest in the farm to defendant. Whether defendant acquired title to the one-fifteenth interest of Jeremiah P. Harney by the deed or by taking a deed from one who had bought at an execution sale is not here important. Title to this fractional interest was acquired for the benefit of Jeremiah P. Harney and the court permitted him, in this action, to recover this share but no more.

This action is prosecuted on the theory that defendant holds the farm in trust for plaintiffs, i. e., for Jeremiah P. Harney and wife for life and then for their children. The court excluded plaintiffs' proof to show that the thirteen-fifteenths of said land was conveyed to defendant for the sole purpose of having him hold the same in trust for certain purposes though the terms and conditions of said trust were not mentioned or expressed in any writing but rested wholly in parol. This is assigned as error.

Such trust cannot be established by oral proof. G. S. 1923, § 8459. Pillsbury-Washburn F. M. Co. v. Kistler, 53 Minn. 123, 128, 54 N. W. 1063; Wentworth v. Wentworth, 2 Minn. 238, 245 (277), 72 Am. Dec. 97. The deed is absolute in form. It is suggested that since the express trust fails for want of legal proof a constructive trust arises in favor of plaintiffs as the beneficiaries of the incomplete or futile trust. If so the statute is a nullity. If such constructive trust results from the breach of an express oral trust it would be for the exclusive benefit of the grantors. 20 Harv. Law Rev. 549; 3 Pomeroy, Eq. Juris. (4th ed.) § 1032; Underhill, Law of Trusts and Trustees, (7th ed.) 147. The express trust being invalid the cestui que trust fails to make the expected gain. As to the thirteen-fifteenths plaintiffs have parted with nothing and can recover nothing. There cannot be a constructive trust in their favor.

In the brief and upon oral argument plaintiffs' counsel advanced the claim that a constructive trust may arise from fraud, or breach or abuse of a fiduciary relationship. Ordinarily such trusts are trusts ex maleficio. It is said that the relation between the mother and son was a fiduciary one and that the relation between brothers was confidential. But the answer to this contention is simply this: Plaintiffs were not parties to the deed conveying the thirteen-fifteenths. A fiduciary relation between the mother and defendant would not avail plaintiffs anything, nor would the confidential relation between defendant and his brothers and sisters who were parties to that instrument. But above all that, the pleadings show that plaintiffs' sole claim is that a constructive trust resulted from a failure of an express trust. There is no intimation that this particular deed was tainted with fraud.

In March, 1916, Jeremiah P. Harney alone instituted an action against defendant in which he sought a decree that the alleged trust was for him alone. It also involved an accounting as to personal property. Defendant there in a counterclaim sought to collect rent on the theory that he owned the land but he did not establish his claim and in a memorandum the trial court expressly stated that he did not determine the question of title for not all of the parties were in court. The reply in this action attempts to plead the former action, which is reported in 139 Minn. 140, 165 N. W. 967, as res judicata as to defendant's claim of ownership. This contention cannot be sustained. The parties were not the same and the court made no finding on that particular issue but purposely did not for the reason stated.

It is urged that we should consider ourselves bound by the conclusion in the former action on the doctrine of stare decisis. We do not find that this case presents any question which was previously determined by this court. Hence this doctrine is not applicable. 15 C. J. 919; Dun. Dig. §§ 8819-8820.

Affirmed.