# IN THE COURT OF APPEALS OF IOWA

No. 21-1401
Filed January 11, 2023

**JUDITH L. THORN,**
    Plaintiff-Appellant,

**vs.**

**HOME INVESTORS 12, L.C. and HOME INVESTORS 35, L.C.,**
    Defendants-Appellees.
_____

    Appeal from the Iowa District Court for Johnson County, Paul D. Miller,

Judge.


    Judith Thorn appeals the dismissal of her quiet title action.  **AFFIRMED.**


    Grant M. Taylor of Bloethe, Elwood & Buchanan, Victor, for appellant.

    Stephen P. Wing of Dwyer & Wing, P.C., Davenport, for appellees.


    Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

Judith Thorn appeals the district court's grant of summary judgment and order dismissing her petition to quiet title. Because Thorn has no valid title upon which to base her claim, we affirm.

**I. Background Facts & Proceedings**

In 1989, Judith Thorn inherited adjoining parcels of land in Johnson County. Both parcels were conveyed under a single court officer deed recorded on February 9, 1989. The first property, which we will call Parcel A, has a legal description of: "The Northeast Quarter of the Northeast Quarter in Section Twenty, Township Seventy-nine North, Range Seven West of the 5th P.M. EXCEPT: Lot One, Campo Acres Subdivision, Johnson County, Iowa." Parcel A was sold for unpaid 2009 taxes at a tax sale in June 2011 to Home Investors 12 (HI12). Notice of the expiration of the right of redemption was served on Thorn in March 2014; she failed to redeem. A treasurer's tax sale deed issued and was recorded in Johnson County on July 8, 2014. One week later, HI12 filed an affidavit claiming title by virtue of the tax deed as provided in Iowa Code section 448.15 (2014).

The second parcel's (Parcel B) legal description is: "The Southeast Quarter of the Northeast Quarter, All in Section Twenty, Township Seventy-nine North, Range Seven West of the 5th P.M., Johnson County, Iowa." Parcel B's tax sale for unpaid 2010 taxes occurred in June 2012. Home Investors 35 (HI35) was the purchaser. Notice of expiration of right of redemption for this parcel was served in April 2015,[1] and Thorn failed to redeem. The treasurer's tax sale deed issued and

---

[1] Parcel B was also subject to a mortgage taken out in 2008. Notice was sent to both the mortgagor and Thorn.

was recorded in September 2015, and HI35 filed the section 448.15 affidavit by titleholder with the recorder eleven days later.[2]

HI12 and HI35 (collectively "Home Investors") share an agent, Nancy Coon. Home Investors states Coon met with Thorn after recording each deed to discuss the new ownership of each parcel. Both times, Coon offered to let Thorn and her husband continue to farm the parcel without asking for a rent payment, knowing the Thorns were entitled to harvest the crop on the land at the time and believing they were suffering financial hardship. Thorn denies meeting with Coon in 2014 or 2015, claims she has been renting out and receiving rent for the properties, and asserts Home Investors never took possession.

In August 2016, HI35 exchanged letters with Thorn. HI35 wrote to Thorn advising she should ask for a refund on 2016 taxes for Parcel B, as HI35 owned the property. Thorn responded asking to pay HI35 the taxes the company had paid.

In January 2017, Home Investors provided copies of the notices of expiration of right of redemption on the two parcels to Thorn's attorney. On November 2, 2017, Home Investors served notice on Thorn that the farm tenancy for each parcel would terminate on March 1, 2019. Thorn did not respond to the termination of tenancy, but she requested a figure "to settle on for repayment of our property taxes."

In November 2018, Thorn requested Home Investors execute quit claim deeds to return title of the properties to her. Her request stated Home Investors

---

[2] Thorn attempted to pay taxes on each parcel after the tax deeds had been filed. She did not take action to challenge the tax deeds' validity until the present action.

failed to take or obtain possession of the property and claimed there was not a valid claim against the title. Home Investors declined to execute the requested deeds.

On December 3, Thorn filed a petition to quiet title of both parcels. In January 2019, Home Investors answered and filed counterclaims to quiet title, to recover real estate, and recover for unjust enrichment and fraud. Each party cited the statute of limitations in Iowa Code section 448.12 (2018) as a bar to the other party's claims.

In January 2020, Thorn filed a motion for summary judgment, asserting Home Investors had not taken active or constructive possession of the parcels since the tax deeds were recorded. She asserted she had been in actual, continuous, and uninterrupted possession of the property since 1989. She claimed "Iowa Code section 448.12 acts as a [three]-year statute of limitations for which possession must be taken by a purported tax title holder" and no action had been brought. Thorn then reasoned she, as the prior deed holder, was entitled to summary judgment and title to the property should be quieted in her name.

In March, the district court denied Thorn's motion for summary judgment. The court focused on the possession issue. In resistance to the motion for summary judgment, the manager of Home Investors submitted an affidavit explaining she had met with Thorn and her spouse in 2014 and 2015 and Home Investors' decision to allow the Thorns to remain on the property as tenants at will, giving them consent to stay. Thorn asserts the meetings never happened. The court ruled the dispute was for the fact finder to decide, which precluded Thorn's request for summary judgment.

In July 2021, Home Investors filed a motion for summary judgment, asserting (1) Thorn's claim of title had been extinguished by the issuance of the tax deeds so there was no basis to quiet title and (2) she was barred by section 448.12 from bringing the action to recover the real estate.

In September, the court entered summary judgment in favor of Home Investors. The court concluded the issuance and recording of the tax deeds and the passing of more than three years between the recording and Thorn's suit were undisputed facts. The court was unpersuaded any provisions of Iowa Code chapters 447 or 448 voided the tax deeds or provided for reversion to a prior owner after three years. The court found, regardless of the fact question of possession and tenancy, Thorn "offered no persuasive legal authority that her claimed possession displaces the recorded rights of [Home Investors] as rightful owners of the property pursuant to the recording of the tax deeds."

Thorn appeals.

## II. Standard of Review

Quiet title actions are in equity, so our review is normally de novo. *Baratta v. Polk Cnty. Health Servs.*, 588 N.W.2d 107, 109 (Iowa 1999). Actions to set aside tax deeds also arise in equity. *Strong v. Jarvis*, 524 N.W.2d 675, 677 (Iowa Ct. App. 1994). However, this is an appeal from summary judgment, so our review is for correction of errors at law. *Baratta*, 588 N.W.2d at 109.

## III. Analysis

A quiet title action "may be brought by anyone, whether in or out of possession, having or claiming an interest therein, against any person claiming title thereto, though not in possession." Iowa Code § 649.1. "[T]he plaintiff in a

quiet title action must succeed on the strength of its own title and not on the weakness of the defendant's title." *State ex rel. Iowa Dep't of Nat. Res. v. Burlington Basket Co.*, 651 N.W.2d 29, 34 (Iowa 2002). Summary judgment "is the put up or shut up moment in a lawsuit, when a [nonmoving] party must show what evidence it has that would convince a trier of fact to accept its version of events." *Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 808 (Iowa 2019) (alteration in original) (citation omitted). To avoid summary judgment, Thorn had to establish the strength of her claim to title to the property.

A tax deed is "conclusive evidence . . . that all things required by law to make a good and valid sale and to vest the title in the purchaser were done." Iowa Code § 448.5(3). Once executed and recorded, it "vest[s] in the purchaser all the right, title, interest, and claim of the state and county to the parcel, and all the right, title, interest, and estate of the former owner in and to the parcel conveyed." *Id.* § 448.3(1). "It is elementary that a tax title is not derivative but is a new and independent title in the nature of a grant from the sovereign which extinguishes *all prior claims* against the land." *Reconstr. Fin. Corp. v. Diehl*, 296 N.W. 385, 389 (Iowa 1941) (emphasis in original); *see Patterson v. May*, 29 N.W.2d 547, 610 (Iowa 1947) ("If valid [a tax title] totally destroys the antecedent estate.").

> The right of possession of plaintiff . . . was dependent upon the continuance of the estate as against the holder of the tax deed. When the tax deed became effective, every right of the plaintiff was cut off. Upon the execution and recording of the tax deed, all the right, title, interest, and estate of the former owner became vested in the grantee named in the tax deed.

*Teget v. Lambach*, 286 N.W. 522, 526 (Iowa 1939).

Thorn does not contest the tax deeds were valid when issued. Rather, she argues section 448.12 extinguishes or voids the deeds if not enforced through possession within three years of the deeds issuing.[3] The district court ruled on Thorn's motion for summary judgment that a genuine issue of material fact existed regarding possession of the property and a tenancy at will. This fact question precluded summary judgment on Thorn's attempt to make offensive use of the section 448.12 limitations period. *See, e.g.*, *McCormick v. Anderson*, 289 N.W. 440, 443 (Iowa 1940) (considering apparent agreement between parties for continued possession by plaintiff while tax title held by defendant).

In real property, "certainty of title is of paramount importance." *In re Est. of Cawiezell*, 958 N.W.2d 842, 848 (Iowa 2021). "[I]f a grantor remain in possession after the execution and delivery of a deed to the land, he will be regarded as holding the premises in subserviency to his grantee, and nothing short of an explicit disclaimer of such relation and a notorious assertion of right in himself will be sufficient to change the character of his possession, and render it adverse to the grantee." *McCormick*, 289 N.W. at 442. "[T]he presumption is that after the tax

---

[3] Iowa Code section 448.12 provides: "An action under section 447.8 or 448.6 or for the recovery of a parcel sold for the nonpayment of taxes shall not be brought after three years from the execution and recording of the county treasurer's deed." An action under section 447.8 allows a person to redeem a parcel sold at a tax sale after delivery of the tax deed. An action under section 448.6 challenges the validity of the tax deed. Sections 447.8 and 448.6 bar the original owner from bringing an action against the tax deed holder after three years. An "action for recovery of real property" is governed by chapter 646, and can be brought by a "person having a valid subsisting interest in real property, and a right to the immediate possession thereof . . . against any person acting as owner, landlord, or tenant of the property claimed." Iowa Code § 646.2. Thorn asserts section 448.12 bars a tax deed holder—as a party having valid subsisting interest—from bringing an action for the recovery of a parcel against a person acting as owner or tenant.

deed issued the continuing possession of [plaintiff] was subordinate to the tax title of [defendant] and to defeat the tax title plaintiff must overcome the presumption and prove that [the plaintiff] asserted title adverse to and in hostility to [the defendant]." *Id.*

The legislature provided significant amounts of time for a property owner to pay delinquent taxes or redeem a property sold at tax sale. By statute, Thorn would have received notice the parcels were up for tax sale, but she did not pay her delinquent taxes. *See* Iowa Code § 446.9(1). Following the sale, Thorn had at least two years to redeem her property before a tax deed would issue; she did not redeem her property. *Id.* § 447.9(1) (providing a ninety-day notice must be provided by the purchaser at least one year and nine months after the date of the sale). Once the tax deed was recorded, Home Investors filed affidavits for each parcel under section 448.15 claiming 100% interest in the property—which by statute is not filed until "[a]fter taking possession of the parcel"—and Thorn took no action to assert "any right title or interests in or to the parcel adverse to the title." She took no action to challenge the tax deed under chapter 447 or 448, instead simply waiting out the limitations period of section 448.12 while ignoring any assertion of ownership by Home Investors.

The tax sale and tax deed are valid and, therefore, extinguished Thorn's prior claim on the land. *See Reconstr. Fin. Corp.*, 296 N.W. at 389; *Patterson*, 29 N.W.2d at 610. Thorn has no legal title on which to base her quiet title action and has failed to overcome the presumption her holding of the property was subservient to Home Investors' tax title. *See Burlington Basket Co.*, 651 N.W.2d

at 34; *McCormick*, 289 N.W. at 442.  We affirm the district court ruling dismissing Thorn's quiet title action.

**AFFIRMED.**